## WILLIAM H. BURNETT V. THE STATE.

Every Court has a right to judge of its own records and minutes ; and if it appear satisfactorily to them, that an order was actually made at a former Term and omitted to be entered by the Clerk, they may at any time direct such order to be entered on the records, as of the Term when it was made.

Appeal from Harrison. Indictment for gaming. Motion to quash, on the ground that it did not appear from the minutes of the Court, that the indictment had been returned into Court by the Grand Jury. The indictment was properly endorsed a true bill, and was marked filed at the proper date. The Court, on suggestion of the District Attorney, caused an entry of the indictment to be entered *nunc pro tunc*, and overruled the motion.

*L. D. Evans*, for appellant. No indictment, however formal in its finding, or in its appearance, can have validity unless returned into Court by the Grand Jury.

The only evidence of its return is the record itself. An omission in the record, to show that the Grand Jury returned into Court the indictment, cannot be supplied by an endorsement on indictment or any entry in the minutes by a Clerk. (1 Chitty C. L. 324 ; Kinney Comp., 1847–8–9, 123 ; 2 U. S. Dig. 527, Sec 230 ; 2 Virginia cases, 527 ; 5 U. S. Dig. 258, Sec. 109 ; 10 N. Hamp. R. 558 ; 1 Meigs, 82 ; 8 Yerg. 166 ; 8 U. S. Dig. 223, Sec. 30 ; 8 Humph. 118 ; Smede's Dig. 174, Sec. 91 ; 3 Gilman, 71.)

*Attorney General*, for appellee.

WHEELER, J. The only objection to the judgment, not dis-

posed of by previous decisions, is, that it does not appear by the record that the indictment was retured into Court by the Grand Jury.   Whether this would be a fatal objection to the record of the proceedings, where the indictment was filed in Court and thereby became a record of the Court, and the case was entered upon the record, properly entitled, at the Term of the Court when the indictment was found, may well admit of question, in our practice, where the case proeeeds to trial in the same Court into which the indictment is returned by the Grand Jury.   But it is not necessary to determine that question in the present case ; as the objection was removed by the entry of the fact, that the indictment was returned into Court by the Grand Jury, afterwards made by order of the Court now for then.   We do not doubt that it was competent for the Court to make the order, as well in this, as in any other case, where there is evidence sufficient to warrant the making of such order.

Every Court has a right to judge of its own records and minutes ; and if it appear satisfactorily to them, that an order was actually made at a former term and omitted to be entered by the Clerk, they may at any time direct such order to be entered on the records, as of the Term when it was made. (State v. McAlpin, 4 Ired. R. 140.)   A Court has a right to amend the records of any preceding Term, by inserting what had been omitted either by the act of the Court or the Clerk.   (5 Ired. R. 12.)   A record, so amended, stands as if it had never been defective, or as if the entries had been made at the proper Term ; (Ib ; State v. King, Id. 203.)

We are of opinion, therefore, that there is no error in the judgment, and that it be affirmed.

Judgment affirmed.