GEORGE W. MAY AND OTHERS V. HIRAM FERRILL AND OTHERS.

The district clerk having failed to attach his certificate to an affidavit made before him, to procure the issuance of a writ of sequestration, and motion being made by the defendant, to quash the writ for such defect, it was competent for the District Court to permit the clerk to supply the omission, *nunc pro tunc.*

Where the testimony of witnesses is objected to, on the ground that one of them is a co-defendant, and interested in the suit; and that, as to the other, there is no foundation in the pleadings for the evidence offered; and there is neither a statement of facts, nor does it appear, by the bill of exceptions, what was testified to by the witnesses; this court cannot consider the question of the correctness of the ruling admitting the testimony.

Unless it appear that the exclusion, by the court, of evidence offered on the trial, could possibly have operated injuriously to the party offering it, such rejection cannot be made a ground for reversing the judgment.

This court will not consider an assignment of error, that the judgment was contrary to the law and evidence, if there be no statement of facts, and no question of fact or of law, properly presented for revision, by the record, involving the correctness of the judgment.

APPEAL from Gonzales.    Tried below before the Hon. Fielding Jones.

Suit by the appellees, Hiram Ferrill, Sr., Hiram Ferrill, Jr., and Stephen Ferrill, co-partners, under the name and style of H. Ferrill & Sons, against the appellant, George W. May, on a promissory note for seven hundred and twenty dollars and two cents, payable to plaintiffs; and a deed of trust on four wagons,

twenty yoke of oxen, with yokes and chains for the same; praying judgment, and enforcement of the lien, and writ of sequestration against the property specified in the deed of trust. Suit filed September 2d, 1857. The writ of sequestration issued, and was executed the day of the filing of the petition, by the seizure of part of the property named, which was replevied by the appellant, May. Green Bouldin, who also appealed, was one of the sureties on the replevin bond.

The defendant moved to quash the writ of sequestration, because the petition was not sworn to, as required by law; and the writ having issued, and having been executed, without the petition being previously sworn to; motion by plaintiffs, to amend the clerk's certificate to the affidavit for sequestration, as of the day upon which the affidavit was made; the motion averring that the affidavit was made; and the date of the same being within the knowledge of the clerk. Leave to amend granted; to which the defendant excepted.

The affidavit, attached to the petition, and filed with the note and deed of trust as exhibits, was as follows:

"The State of Texas, ⎰ This day came before me, Hiram County of Gonzales. ⎱ Ferrill, Jr., one of the firm of H. Ferrill & Sons, and being by me duly sworn, says, that he fears the within named defendant, George W. May, will injure and waste the property herein described, to wit, the wagons, and oxen, &c.; and that he will remove said property out of the limits of this county; and that the facts alleged in this petition are true.

"Subscribed and sworn to, this ⎰     HIRAM FERRILL, Jr. 2d day of September, 1857. ⎱

      "ISAAC E. NICHOLSON,

         "Clerk D. C., G. Co.

"*Nunc pro tunc*, by order of the court, April 17th, 1858."

The exceptions of the defendant to the affidavit, were overruled, to which he excepted.

John H. Hancock, the trustee in the deed of trust, was made

a party defendant, the defendant having excepted to the petition, on the ground that he was not joined in the action in the petition filed. Hancock answered, that he knew of no objection why judgment for plaintiff should not be rendered, as prayed. The defendant pleaded, that there were off-sets and credits which had not been allowed him, consisting of an account against the plaintiffs for hauling, amounting to $184; also, $30 cash, paid to C. D. Bennett, at plaintiff's request, by the defendant; and that, at the time of the settlement between plaintiffs and defendant, when the note sued on was given by defendant to the plaintiffs, the latter agreed to pay off and liquidate for the defendant, three judgments against him, one in favor of A. J. Hart, one in favor of W. Johns, and one in favor of Monroe & Brother, amounting in all to the sum of $180 00; and that the said sum was charged to him in his account, on said settlement, and was included in the note. That the plaintiff failed to pay the judgment in favor of Monroe & Brother; and defendant, in consequence thereof, was forced thereafter to pay to them $46, that being the entire amount of the judgment, with interest and costs. Defendant claimed damages against the plaintiffs for the wrongful suing out of the writ of sequestration.

The plaintiffs amended their petition, and set up as an additional cause of action an account of $69 08, for lumber bought and delivered to defendant by the plaintiffs, or their agent, C. D. Bennett.

On the trial, the plaintiffs offered to introduce the trustee, Hancock, as a witness. Defendant objected, on the ground that he was a party to the record, and interested in the result of the suit. The court overruled defendant's objections to the witness, and allowed him to be sworn; to which ruling of the court, defendant excepted. Plaintiffs then asked the witness, whether the credits claimed as off-sets, in defendant's answer, were allowed, and included in the settlement, before the note sued on was drawn. Defendant objected to this testimony, on the ground that witness was a co-defendant, and that he was trustee for plaintiffs, and a party to the record, and interested in the

result of the suit, and that the evidence was adverse to his co-defendant's interest. Objection overruled, and excepted to.

Plaintiffs asked a witness, Bennett, what was the amount of his (witness's) account, as agent of the plaintiffs, against defendant? To this defendant objected, on the ground, that there was no foundation, in the pleadings of plaintiffs, for such evidence. Objection overruled, and evidence admitted. Defendant excepted.

Defendant offered to prove by John Monroe, that the account of Ferrill & Sons, against defendant, coming down to the 17th of July, 1856, was in the hand writing of the firm, (said plaintiffs.) The court refused to allow such evidence, on the ground that said account was not signed. Defendant offered said account, to show that upon this the note was given, and that the items mentioned in the defendant's answer, were not included in the same: which evidence the court overruled, and refused to allow the account to be read. Defendant excepted.

The account referred to was filed in the cause, but not as the basis of any of the pleadings; and purported to be an account in favor of the plaintiffs, against the defendant, from May 17th, 1856, to 17th of July, 1856, the items of which were principally charges for lumber, a few inconsiderable items of provision, and amounts paid by plaintiffs for defendant, viz: "to Monroe, "$67 88; Lovett, $96 50; Ramsey, $71 85; Phillips & Wil-"lis, $29 10; Eggleston, $5 00; Matthews, $14 50; amount "assumed at Gonzales, $180 00;" and divers charges for miscellaneous articles, foreign to the matters directly involved in this suit. At the foot of this account was written, "Received payment by note." There was no signature to the account, or to the last mentioned memorandum. The sum total of the account was $2,363 84. Judgment in favor of the plaintiffs, against the defendant and G. Bouldin, for amount of the note, after deducting credits endorsed on the back. Motion for a new trial. Overruled.

Among the errors assigned by the appellant, were the following. The judgment was contrary to the law and evidence in

the case. There was no statement of facts in the record, nor instructions asked by either party, nor exception to the charge given by the court to the jury, nor to the judgment rendered, except on the general ground stated in the motion for a new trial, that the verdict and judgment rendered were contrary to the law and evidence in the case.

The judgment upon the verdict was as follows: "And it appear- "ing to the court, that a sequestration bond had been given by "this defendant, for the delivery of the property sequestered in "this suit; and defendant failing to comply with said bond, and "deliver said property, it is therefore considered and adjudged "by the court, that the plaintiffs do recover of this defendant, "G. W. May, and his surviving surety on sequestration bond, "Green Bouldin, the sum of six hundred and ninety-nine and "$\frac{99}{100}$ dollars, with legal interest till paid, and costs of suit."

*Parker* and *Miller*, and *J. H. Robson*, for appellants.

*T. M. Harwood*, for appellees.

WHEELER, CH. J. Unquestionably, it was competent for the court, to permit the clerk to supply his omission to attach his certificate to the affidavit, made to obtain the writ of sequestration.

There is no statement of facts; nor does it appear, by the bill of exceptions, what was testified to by the witnesses objected to. Nor can it be seen that the exclusion of evidence, offered by the defendant, can possibly have operated any injury to him. It is unnecessary to consider objections to the judgment, not properly presented by the record, for revision; or which are plainly without any foundation.

Judgment affirmed.