HOLLY ARNOLD v. JOHN KREISSLER, ADM'R, &c.

The answer, upon which an injunction was dissolved, was sworn to and filed; but the officer, before whom the oath was made, inadvertently omitted to attach his certificate of that fact: *Held*, that it was not error for the court, at a subsequent term, to permit the omission of the officer to be cured, by filing the oath *nunc pro tunc*.

ERROR from Medina. Tried below before the Hon. E. F. Buckner.

There was no statement of facts in this case. The facts, as collected from the record, showed that Joseph Meyer obtained an injunction restraining Kreissler, the defendant in error, from selling certain property claimed by Meyer; and that Arnold, the plaintiff in error, became one of the sureties upon the injunction bond. On defendant's answer to the bill, the injunction was dissolved.

At the next term, the plaintiff moved to set aside the order dissolving the injunction, and to reinstate it, on account of the answer not appearing to have been sworn to. The defendant stated, on oath, that the answer had been sworn to, and that the officer, before whom the affidavit was made, had inadvertently omitted to attach thereto the certificate showing the fact. Upon this, the court overruled the motion, and permitted the defendant to be sworn to the answer, now for then.

Arnold v. Kreissler.

The cause was tried on its merits, at the same term, a verdict rendered for the defendant, and a decree entered against Meyer and his securities; from which decree Arnold, one of the securities, sued out this writ of error.

*I. A.* and *G. W. Paschal*, for plaintiff in error.

*C. Upson*, for defendant in error.

WHEELER, Ch. J.   There is no error in the judgment. It was, doubtless, competent for the court to permit the defendant to supply the affidavit to the answer, now for then, if satisfied that the answer had been sworn to at the proper time; and if not, it was competent to allow the amendment, which was an answer to the motion to reinstate.   At most, the dissolution of the injunction, at the time, was a mere irregularity, not affecting the merits, or the correctness of the judgment.   It must have been dissolved upon the return of the verdict, and the judgment would have been the same.

Judgment affirmed.