## PATRICK RHODES v. THE STATE.

The proper mode of amending a record, in regard to an indictment, would be by an order, at the time when the amendment is made, and not by erasing or altering an order entered upon the minutes of the previous term of the court. (Crim. Proceed., Art. 508; Paschal's Dig., Art. 2977.)

Every court has the right to judge of its own records and minutes; and if it appear that an order was actually made at a former term, and omitted to be entered by the clerk, the court may at any time direct such order to be entered on the records as of the term when it was made.

A record amended, *nunc pro tunc,* stands as if it had never been defective, or as if the entry had been made at the proper time.

Where the indictment substantially charges the offense in the language of the statute, it is sufficient. (Paschal's Dig., Art. 2863, Note 720.)

APPEAL from Walker. The case was tried before Hon. JAMES R. KENNARD, one of the district judges.

Patrick Rhodes, a freedman, was indicted for selling

liquor in quantities less than a quart, without having obtained a license therefor. The defendant excepted to the indictment, on the ground, that it did not appear to have been presented or returned as required by law. The defendant moved to amend the indictment and the record, so as to obviate the exceptions. The leave to amend was granted, and the record amended; but if the indictment was amended, the record does not show it. The prisoner was found guilty, and fined $50, from which judgment he appealed, and assigned for error, the overruling his exceptions to the indictment, allowing the amendment of the record, and because neither the original nor the amended indictment stated any offense, as required by article 389 of the Code of Criminal Procedure. (Paschal's Dig., Art. 2858, Note 719.)

No briefs appear in the record, but the following is the motion of *A. P. Wiley* for a re-hearing:

"The appellant in the above entitled cause, by his counsel, respectfully asks this honorable court for a re-hearing of the same, and in support thereof submits, that it nowhere appears in the record that the style of the action or the offense charged in the pretended indictment was noted on the minutes of the court, as required by Article 389 of the Code of Criminal Procedure. This article prescribes the mode of authenticating the indictment, as the act of the grand jury, and the fact of its presentment at the time of filing should appear affirmatively, and not be left to intendment. The absence of such entry, therefore, and it nowhere appearing to have been supplied by the requisite amendment, is an error apparent on the record, and needs no statement of facts to enable this honorable court to revise and correct said error." (Cloud v. Smith & Adriance, 1 Tex., 105; Crook & Adriance v. McGreal, 3 Tex., 487.)

Donley, J.—Exceptions were taken in the court below to the indictment, as being insufficient, because, as alleged,

---

---

it did not appear from the proceedings of the court that any indictment was presented against the defendant at the spring term of the court, 1866, or since then; that it does not appear from the proceedings of the court that the style of this cause has been entered in said court; and because there is no legal presentment of any indictment against him. At the same time the district attorney filed a motion to amend the record, which motion appears to have been sustained. The record does not show certainly how the amendment was made.

The proper course of amendment, it is believed, would be by an order at the time when the amendment is made, and not by erasing or altering an order entered upon the minutes at a previous term of the court. For the want of statement of facts, it cannot be known what amendment of the record, if any, was made.

As is presented in the record, the indictment appears to have been regularly filed in court. If orders were made, and not entered at the time when made, it was competent to enter the order so made at a subsequent term.

In Burnett v. The State, 14 Tex., 456, it is said: "Every court has a right to judge of its own records and minutes, and if it appears satisfactorily to them that an order was actually made at a former term and omitted to be entered by the clerk, they may at any time direct such order to be entered on the records as of the term when it was made. * * * A record so amended stands as if it had never been defective, or as if the entries had been made at the proper time."

The indictment charges the offense substantially in the words of the statute. The exception to the indictment is general. It has not been suggested in what respect it is insufficient.

No error is perceived in the judgment, and it is

AFFIRMED.