## MELCHIOR XIMENES v. URSULA XIMENES.

1. ENTRY OF JUDGMENT NUNC PRO TUNC.—This court will enter a judgment of the court rendered at a former term *nunc pro tunc.*

2. SAME—EVIDENCE OF ACTION OF THE COURT AT THE FORMER TERM.—The court will look to the opinion and the entry on the docket as part of the record from which to ascertain the propriety of granting the motion to enter such judgment.

3. QUERE.—Whether the court will consider other evidence competent and admissible in any other investigation? The mere certificate of the clerk is not evidence.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

May 4th, 1875, Melchior Ximenes filed a motion representing that at the term of 1873 of this court the case No. 1669, of Melchior Ximenes and W. D. Mays *v.* Ursula Ximenes came on to be heard, having been submitted on the briefs of the several appellants and of the appellee; that the opinion of the court was delivered on the 30th of September, 1873, in which the rights of this appellant were recognized as claimed in his pleadings in the District Court, and favorably passed upon, the court saying in the opinion that Melchior Ximenes will be entitled to recover the full amount of the notes against S. S. Smith; that on the same day, 30th September, an entry was made on the docket of this court as follows: " Reversed in part and affirmed in part; " that, notwithstanding said opinion and entry on the docket, the judgment as entered upon the minutes of the court is to the effect that the judgment of the court be in all things confirmed. The motion was accompanied by a certified copy of the entry on the docket, and it referred to the opinion in the case of 39 Tex., p. 49, *et seq.* W. P. De Normandie, clerk of the Supreme Court, certified that the judgment was entered, on the direction of Justice Walker, after the court adjourned.

It was asked that the *judgment of the court* be entered

*nunc pro tunc* in accordance with the entry upon the docket and the opinion of the court.

Ursula Ximenes and S. S. Smith, the defendants in the original suit, resisted the motion (1) because Melchior Ximenes never was a party to the cause in this court, not having given bond; (2) the judgment entered of record on 30th September, 1873, is complete in itself and cannot be vacated on such motion; (3) the judgment, being of a court having jurisdiction, can only be vacated by a direct action having for its object that purpose; (4) that twenty months and several terms of the court had elapsed, during which the judgment had been acquiesced in; and (5) because the court will not entertain a motion to enter a judgment *nunc pro tunc* when its records disclose the entry of a valid legal and complete judgment entered and approved at a former term.

And for equitable reasons resisting the motion, Smith showed by affidavit that the mandate had been filed in the District Court, and that under the judgment he had paid two-thirds of the judgment to Ursula Ximenes, and as to the remaining one-third, had paid part to her attorney, S. G. Newton, and had arranged with him for a credit for the remainder; that he had acted under the judgment in good faith; that Ursula was notoriously insolvent, and that he paid the money with the knowledge of Melchior and with no objection on his part, and that no part of the money so paid by him could be recovered of Ursula.

The additional facts so far as may be necessary appear in the opinion.

*Waelder & Upson*, for motion.

The facts upon which this motion is based are sufficiently explained in the motion. The entry upon the docket of the court, of which a certified copy is attached, shows what judgment the court intended to render and did render; the opinion delivered and published (39 Tex., 49) au-

thorizes and requires the entry upon the docket; and the two together require a different judgment from that which is entered on the minutes.

The certificate of the clerk explains the reason of the variance between the docket entry and the entry upon the minutes.

While this branch of the question might open a wide field for discussion, we refrain from saying more than this: The private direction of a single judge to the clerk after the adjournment of the court is not the judgment of the court. To give to an entry thus made the sanctity of a judgment would be, to say the least of it, to treat the rights of litigants with much less care than the law accords to them.

What we now ask is not a review of the decision heretofore made. We do not ask or expect the court to examine into and pass upon the merits of the case.

What we do ask is a correct entry *now* of the judgment rendered *then*, or a correction of the minutes in so far as "may be necessary to carry out the judgment of the court."

As we read the authorities upon that point, it is perfectly proper for the court to grant this motion.

In discussing the power of the court to reconsider a judgment given at a former term, Mr. Chief Justice Hemphill says:

"This limitation upon the authority of the court will not prevent the correction of clerical errors, or mistakes, or defects of form, or the addition of such clause as may be necessary to carry out the judgment of the court." (Chambers *v.* Hodges, 3 Tex., 529.)

In our view, we ask exactly such a correction as is covered by the language of the chief justice.

So in the case of Burnett *v.* The State, 14 Tex., 456, Mr. Justice Wheeler says that "every court has a right to judge of its own records and minutes; and if it appears satisfactorily to them that an order was actually made at a

former term and omitted to be entered by the clerk, they may at any time direct such order to be entered on the records as of the time when it was made." (Referring to State v. McAlpin, 4 Ired., 140 ; 5 Ired., 12.)

"If orders were made, and not entered at the time when made, it was competent to enter the order so made at a subsequent term." (Rhodes v. The State, 29 Tex., 190.)

"The judgment itself may be set right and amended by another part of the record." (1 Bacon's Abr., tit. Amendment and Jeof., F., page 251; see also note on page 252.)

"When there is anything in the record by which to amend, an amendment may be made." And the American author refers to Gay v. Caldwell, Hardin, 64; Waldo v. Spencer, 4 Conn., 71; Davis v. Ballard, 7 Monr., 604; 8 Serg. & R., 157; 3 Bibb, 232; 5 Watts, 315.

Says Freeman, in his Work on Judgments, page 47, § 71: "The rule that the record admits of no alteration after the term is absolute." And: "All courts have inherent power to correct clerical errors at any time and to make the judgment entry correspond with the judgment rendered."

After stating the rule adopted in several States, that no record can be amended but by matter of record, the same author proceeds to say: "Undoubtedly, as in cases of application to enter judgment *nunc pro tunc*, the memoranda of the presiding judge upon the motion-docket and his written opinions, when required to be filed in the case, would generally be regarded as facts of the record." (Freem. on Judgments, page 48, § 72.)

We do not see any reason to doubt the power of the court to make the correction, amendment, or entry of the judgment as rendered. The record itself shows the facts upon which this motion is based. There can be no dispute or difference of opinion as to the facts. This being so, we think the motion should be granted.

It may not be amiss to explain why this motion was not

sooner made.   The case was submitted during the summer
of 1873—in the month of June—the opinion was delivered
September 30, 1873, after the counsel had returned to their
homes.   A mandate issued according to the entry upon the
minutes, and was filed in the District Court.   In February,
1875, the 39th volume of reports was published, and it was
not until then that the attention of counsel was or could
well be called to the discrepancy between the judgment
pronounced and that entered upon the minutes.   Previous
to the publication of the opinion there could be no reason
to suspect mistake, error, or ·by whatever other name it
might be called.   It is not usual nor can it be incumbent
upon parties to verify mandates by other parts of the
record.   When, however, the published opinion was found
to be so variant from what the decision was believed to be
we took the earliest opportunity of examining the docket
of the court, and there found that the decision entered
upon the docket was in accordance with the published
opinion, and that a different entry had been made upon
the minutes of the court.   We then lost no time in filing
this motion.   In other words, we proceeded as soon after
attention had been called to the error as was consistent
with the ascertainment of all the facts.

To enable the court to protect the rights of innocent
parties we will further state that the subject of litigation
in this case was an amount of money due from S. S.
Smith, in consideration of property sold to him by Mel-
chior Ximenes, it being separate property.   The money
was claimed in this suit both by Melchior and Ursula, his
former wife.   The opinion of the court recognizes Mel-
chior's right to the money, and the entry upon the minutes
adjudges it to Ursula.   We make this explanation for the
purpose of saying that if Smith has paid any part of the
amount adjudged against him to Ursula, under and in
accordance with the mandate transmitted to the District
Court, he may be protected in such payment.

*Houston & Cocke*, for Ursula Ximenes.

MOORE, ASSOCIATE JUSTICE.—This is a motion made at the present term of the court to correct the entry of a judgment rendered at a former term, (39 Tex.; 49,) upon the ground that it appears from the docket-entry and the opinion of the court that the judgment pronounced by the court was not correctly entered.    It is not claimed that the court can, after the adjournment of the term at which a final judgment in a case is rendered, reopen the cause to correct errors and irregularities, however glaring and apparent they may be, which have occurred in the proceedings had in the cause.    But what is here asked is, that we will now make the minutes of the court show a correct entry of the judgment rendered at the former term.

As was said by Mr. Justice Wheeler in Bennett *v.* The State, (14 Tex., 456,) "Every court has the right to judge of its own records and minutes, and if it appear satisfactorily to them that an order was actually made at a former term and omitted to be entered by the clerk, they may at any time direct such order to be entered on the records as of the term when it was made."    (See also Rhodes *v.* The State, 29 Tex., 190.)

In these cases the entries in question were made by the District Court before final judgment.    But the principle announced seems to be equally applicable to this court. And there can be no doubt, we think, that this court may, at a subsequent term after a final judgment, if there is the proper predicate for it, correct clerical errors or mistakes, cure defects of form, or add such clause as may be necessary to carry out the judgment of the court, make the entry in the minutes correspond with and correctly express the judgment actually rendered, as shown by the entire record, or may declare a judgment altogether null and void which was rendered in a case not legally before it. (Chambers *v.* Hodges, 3 Tex., 529.)

The judgment itself, as readily as any other order in a case, may be corrected or amended when there is anything in the record which clearly justifies it. (7 Monr., 604; 3 B. Monr., 232; 5 Watts, 315; 1 Bacon's Ab., 251; Freem. on Judg'ts, sec. 71.)

The evidence relied upon to warrant the amendment or correction of the judgment entry sought by this motion is the memoranda upon the docket, the written opinion of the judge who, as the organ of the court, announced its views in the case, and the certificate of the clerk explaining the discrepancy between the memoranda of the court on the docket and the judgment entry on the minutes.

The opinion of the court and notes upon the docket may unquestionably be regarded as a part of the record, and may be looked to in determining the propriety of granting the motion. This cannot be said in regard to the certificate of the clerk. His personal recollection, whether presented by affidavit or certificate, does not, as it seems by the weight of authority, present any basis for the amendatory order asked for. (Freem. on Judg'ts, sec. 72.) But as there is considerable conflict in the decisions on this point, and the evidence furnished by the certificate of the clerk is of no material importance in the view we take of the matter, we need not decide whether, in passing upon such questions as are presented by the motion the court must look alone to the record or may also consider such evidence as would be competent and admissible in any other investigation.

The judgment of the District Court in this case was to the effect that Ursula Ximenes should recover judgment against the defendant, Smith, for the amount due upon the note on which the suit is brought. And it was also "further ordered, adjudged, and decreed by the court that the intervenor, W. D. Mays, take nothing by this suit, and that the intervenor, Melchior Ximenes, take nothing by his suit, and that they each pay such costs as they have

severally incurred," &c.   The record shows that there is
no connection in the claims set up by Mays and Melchior
Ximenes to the note on which suit was brought.   Each of
them made his separate and independent application to
the court for a new trial, which being overruled, they
each gave, on his own behalf, notice of appeal, and filed
their several assignments of error.   Mays perfected his
appeal by executing to the plaintiff an appeal bond, while
no bond whatever was given by Melchior Ximenes to any
one.

It seems quite apparent from the opinion delivered by
Mr. Justice Walker (39 Tex., 49) that he was strongly of
the opinion that the judgment of the District Court in
favor of Ursula Ximenes against Melchior Ximenes was
erroneous.   And although seeming to have some doubt
of the power of the court to relieve him, as he had filed
no appeal bond, an inspection of the manuscript opinion
in connection with the entry on the court docket justifies
the conclusion that he at least, and probably the court
also, was of opinion, when this entry was made, that, as
Mays had given an appeal bond, this relieved Melchior
Ximenes from the necessity of doing so ; and we may
infer that it was the purpose of the court at first, while
affirming the judgment as to the other parties, to reverse
it as to him.

We are not, however, of the opinion that the appeal
bond given by Mays authorizes the court to review the
case as between Melchior and Ursula.   It is true, when
both plaintiff and defendant appeal and assign errors, if
the appeal is perfected by one of them, it is held that the
entire case is before the court, and it may pass upon the
errors assigned by both parties, although an appeal bond
has been given by only one of them.   But this is alto-
gether a different case.   As we have said, Mays and Mel-
chior assert and rely upon distinct and independent grounds
of action.   The bond would warrant the court in consid-

30

ering the matters in controversy as between them. But we do not see the propriety of holding that an appeal in a suit of Mays against Ursula Ximenes should authorize the court to take cognizance of and pass upon that of another party, although both relate to the same subject-matter. And we think an inspection of the original opinion on file, in connection with the judgment entry, clearly shows that this was also the conclusion finally reached by the court.

The opinion as first written is as follows, to wit: " The judgment of the court is therefore affirmed as between Ursula Ximenes and W. D. Mays and S. S. Smith, but it is reversed and remanded, to be further proceeded in, as to the rights of Melchior and Ursula."

This conclusion, it will be seen, fully warrants the entry on the court docket, " Reversed in part and affirmed in part.'' The disposition thus made of the case, as between Melchior and Ursula, as we have just said, appears not to have received the final sanction of the court, for in the concluding clause, remanding the case as between Melchior and Ursula, "Ximenes" is erased from the manuscript opinion by cross lines drawn through it, and in lieu thereof we find written the following interlineation, to wit: " Without prejudice to Melchior Ximenes; " thus, in effect, making the opinion and the judgment entered by the clerk, and, as we must presume, approved by the court, conform to each other. This change in the original draft of the opinion, as we think, clearly indicates that the court, on more mature reflection, held that the case as to Melchior Ximenes was not before it; for if it was, as the order for the reversal of the judgment was revoked, it was idle to say that it was affirmed without prejudice. It was therefore either simply affirmed or no final disposition was made of it. Evidently the court did not regard the case as remaining in the latter category. The only legitimate conclusion to be deduced from the entire

record is that, while the court believed the judgment of the District Court against Melchior Ximenes was erroneous, as this branch of the case was not before it by an appeal of Mays, the only proper judgment which could be rendered in the case as it thus stood was to affirm it; but it was also the purpose of the court, by the qualifying expression used in connection with the judgment of affirmance, to indicate that Melchior was not concluded by said affirmance, but might bring his branch of the case before the court by writ of error to a subsequent term, or might avail himself of any other legitimate means of redress given him.

Whether the judgment of the court is correct or erroneous is not a matter for our consideration. The only question before us or into which we may now inquire is, whether the judgment rendered by the court was correctly entered on the minutes. Believing, from an examination of the entire record, that it is, the motion is overruled.

MOTION OVERRULED.