## F. NETTLES *v.* THE STATE.

1. NEW TRIAL. — The fact that in a trial for felony the charge of the court was delivered to the jury without being filed, is not cause for a new trial.

2. AMENDMENT — FILING PAPERS NUNC PRO TUNC. — A District Court has authority, at a term subsequent to the trial of a felony case, but before sentence passed or appeal taken, to cause its clerk to put his file-mark, *nunc pro tunc*, upon the charge given to the jury at the trial; and it is immaterial that such order is made by the successor in office of the judge before whom the trial was had.

3. CASE STATED. — A defendant found guilty of theft escaped before sentence, but was afterwards arrested; and on being brought for sentence before the court at a subsequent term, held by a different judge, he claimed and was allowed to move for a new trial, on the ground that the charge of the court was delivered to the jury without being previously filed, as required by the Code. On the hearing of the motion the court caused its clerk to indorse the charge filed as of the date of the trial, and then overruled the motion. *Held,* that, as the charge was sufficiently identified as the one given to the jury, the action of the court was within the scope of its authority, and the new trial was properly refused.

APPEAL from the District Court of Brazos. Tried below before the Hon. S. FORD.

The indictment and conviction were for theft of property worth more than $20.

*Davis & Beall,* for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

WINKLER, J. The record discloses that the appellant was convicted on April 7, 1876, and that he escaped from the custody of the law on the night of the day upon which the conviction was had, and was not rearrested until sometime between the term of the court at which the proceedings were had upon which a reversal is here sought, and the term next preceding. The time of the rearrest is not more definitely stated in the transcript.

It is further shown that at the first term of the court after the rearrest the appellant was brought into court for the purpose of receiving the sentence of the court, in accordance with the verdict of the jury and the judgment of the court which had been obtained against him at a former term of the court, to wit, on April 7, 1876. Up to this time no motion for a new trial or in arrest of judgment, or other objection to the verdict and judgment, had been made or urged in behalf of the accused, he having sought safety in flight.

When the judge demanded of him what he had to say why the sentence of the law should not be pronounced upon him, he answered that he had good ground for a new trial, which he asked the court to be permitted to be heard upon by the court; and thereupon the court permitted a motion for a new trial to be filed in his behalf. The grounds are the following, as set out in the motion:

"1. Because it does not appear from the records and papers in the cause that any written charge was ever given, as required by law.

"2. The records and papers affirmatively show that the pretended charge of the court was never marked given, nor was the same ever filed by the clerk, as required by law; and the papers, and especially the charge of the court, is referred to and made a part of this motion."

The motion was overruled, and the defendant's counsel took a bill of exceptions.

It is further shown that, on the hearing of the motion for a new trial, the county attorney asked leave of the court to have the charge filed *nunc pro tunc*, which was objected to by the defendant, on the ground that it was not competent to file the charge *nunc pro tunc*, there being no sufficient evidence that the pretended charge had been given to the jury, and because the law required that the charge should have been filed and given to the jury before the charge was delivered to the jury and certified by the judge who presided at the trial. The objection was overruled by the court, and the clerk was ordered to file the charge, which was done by the clerk, by direction of the court, by making and entering upon the charge of the court the following indorsement: "Filed this the 2d day of March, A. D. 1878, for the 7th day of April, A. D. 1876, by order of the court, as the charge given to the jury by the court on the trial of the case of *The State of Texas* v. *Fleming Nettles*, No. 1294." It should also be borne in mind that at the trial at which the conviction was had, the Hon. A. S. Broaddus was the presiding judge, and when the motion for a new trial was made and overruled, and when the charge of the court was ordered to be filed, the term of service of Judge Broaddus had expired, and the Hon. Spencer Ford had succeeded the former and was then the judge of that district, presiding.

To the action of the judge permitting the charge to be filed *nunc pro tunc*, the appellant took a bill of exceptions. The action of the court with reference to the charge, first, in treating it as a charge, though not filed by the clerk, and, secondly, in permitting its filing at the time and under the circumstances as above set out, formed the basis of a motion in arrest of judgment, which was made and overruled, and this same action of the court is assigned as error, and in fact presents the main question in the case for consideration here.

The fact that the charge of the court had not been filed constituted no ground for a new trial, even if the motion had been made within the proper time, which it was not. On the trial below, the proper question was, Did the judge properly instruct the jury as to the law of the case in a written charge distinctly setting forth the law applicable to the case, as required by the Code of Criminal Procedure, article 524 (Pasc. Dig., art. 3059), and not whether the charge was filed or not. The court did not err in refusing a new trial at the time the motion was made, and for the reasons stated in the motion.

The remaining question, then, is, Did the court err in ordering the charge to be filed, under the circumstances as they existed at the time it was filed? In the early case of *The State* v. *Womack*, 17 Texas, 237, a portion of the term of the District Court was presided over by Judge Morris, and at a subsequent part of the term Judge Todd presided. Judge Morris ordered a person, who had been convicted, into the custody of the sheriff. At a subsequent day of the term Judge Todd ordered the sheriff to discharge the prisoner on his paying to the clerk the jury fee, and he was accordingly discharged. At the next term of the court, it appearing that the fine and the balance of the costs had not been paid, and the order of Judge Todd for his discharge not appearing of record, the district attorney moved the court for a rule against the sheriff, to show cause why a judgment should not be awarded against him for the fine and costs adjudged against the prisoner, less the jury fee, because he had permitted the prisoner to go at large. The sheriff, in answer to the rule, set up the facts, and also moved the court that the clerk be directed to enter the order of Judge Todd, for the discharge of the prisoner, *nunc pro tunc*. The district attorney excepted to the answer of the sheriff, and also to the motion to make the entry *nunc pro tunc*. The District Court overruled the exception to

the sheriff's answer, and refused the sheriff's motion to have the order of the former term for the discharge of the prisoner entered; and from the last decision the State appealed.

It seems that there was no minute or memorandum of the order of discharge. Judge Lipscomb, in delivering the opinion, confessed to considerable embarrassment in deciding the question as it was presented, but did decide the case in an opinion from which we make the following quotation:

"There being no record of the order modifying Judge Morris' judgment, how is the sheriff to be protected in obeying it? What evidence can he be permitted to introduce by which to establish the order of Judge Todd to discharge Brewer? Can it be supplied by oral evidence, the record being silent? The latter is a question of great difficulty of solution on principle, but after the best reflection we have been able to bestow on it, we have arrived at the conclusion that it may be answered in the affirmative. We are aware of the rule that parol evidence cannot be permitted to falsify a record unless on the charge of fraud; and we acknowledge that this rule should be strictly adhered to, and stringently enforced. We believe, however, that there is a clear distinction between falsifying a record and supplying an omission when it is silent. The record in this case speaks the order of Judge Morris, but is silent as to the order of Judge Todd; nor do we contradict the order of the former when we let in proof of the order of the latter, subsequently made, because the last recognizes the first, and we are not hearing parol evidence to prove that the order of the first was never made. We are doing no such thing. Believing, as we do, that this is a sound distinction, not contravening any rule or principle of .evidence, without violating any sanctity of record evidence, our conclusion is that, in a case like this, the parol evidence ought to be received."

In *Burnett* v. *The State*, 14 Texas, 455, it had been omitted to enter on the minutes of the court that the indictment had been returned into court by the grand jury. The indictment was properly indorsed a true bill, and was marked filed at the proper date. The court, on suggestion of the district attorney, caused an entry of the indictment to be entered *nunc pro tunc*, and overruled a motion to quash. It was urged in argument for the appellant that no indictment, however formal in its finding or in its appearance, can have validity unless returned into court by the grand jury; that the only evidence of its return is the record itself; and that an omission in the record to show that the grand jury returned into court the indictment cannot be supplied by an indorsement on the indictment or any entry on the minutes by a clerk; and numerous authorities were cited in support of the position. Judge Wheeler, in delivering the opinion of the court, after discussing the effect of the omission in other aspects, says: "But it is not necessary to determine that question in the present case, as the objection was removed by the entry of the fact that the indictment was returned into court by the grand jury, afterwards made by order of the court now for then. We do not doubt that it was competent for the court to make the order as well in this as in any other case where there is evidence sufficient to warrant the making of such order. Every court has a right to judge of its own records and minutes; and if it appear satisfactorily to them that an order was actually made at a former term and omitted to be entered by the clerk, they may at any time direct such order to be entered on the records as of the term when it was made. *The State* v. *McAlpin*, 4 Ired. 140. A court has a right to amend the records of any preceding term, by inserting what had been omitted either by the act of the court or the clerk. 5 Ired. 12. A record so amended stands as if it had never been defective, or as if the entries had been

made at the proper term." 5 Ired. 12. *The State* v. *Ring*, 5 Ired. 203.

The same was held in *May* v. *Ferrill*, 22 Texas, 340, and in *Arnold* v. *Kriessler*, 22 Texas, 580. In *Cowan* v. *Ross*, 28 Texas, 227, the court, Donley, J., delivering the opinion, says: "It was competent for the court, on motion and notice, * * * to amend the entry of a previous term of the court, so that the action of the court shall truly appear by the record. This is believed to have been settled in the case of *Burnett* v. *The State*, 14 Texas, 456. It was there said a record so amended stands as if it had never been defective, or as if the entries had been made at the proper time."

The right of amending the record at a subsequent term so as to show the action had at a former term has been carried so far as to authorize the entry of judgment of conviction *nunc pro tunc*, at the instance of a defendant. *O' Connel* v. *The State*, 18 Texas 343 ; *Smith* v. *The State*, 1 Texas Ct. App. 408. See, also, *Calloway* v. *Nichols*, 47 Texas, 327, cited by appellant, where an order of confirmation of a judicial sale was permitted to be made *nunc pro tunc* from the minutes upon the docket of a former judge. As to the manner of proceeding in such cases, see *Vestal* v. *The State*, decided by this court at the late Galveston term, and the authorities there cited ; 3 Texas Ct. App. 648.

The question of notice is not involved, the matter having arisen when the appellant and his counsel were before the court on the motion of the appellant, and no objection being taken to the filing of the charge for want of notice.

The right to file the charge now for then is clearly established by the foregoing authorities, and the only question admitting of controversy at all is, Did the court have sufficient evidence before it to authenticate the document purporting to be a charge to be the charge of the court, and to identify it as the charge given to the jury on the trial of the

case? The judgment recites the fact that a charge was given, and it is almost, if not quite, conceded in the motion for a new trial that the paper ordered to be filed was the charge given on the trial. There was no controversy as to its genuineness. So far as the record discloses, it was in the handwriting and over the signature of the judge who presided at the trial, and, for aught that the record disloses, was found among the papers of the case.

All the presumptions of law are on the side of the court and its officers. But this is not all, for the paper on its face identifies it as the charge given to the jury on the trial of the appellant for the offense of which he was charged and convicted; or, at any rate, it harmonizes with the indictment and the judgment of the court, and with the style and number of the case.

We are of opinion that there was sufficient evidence in the record to identify the charge as the one given on the trial of the case, to warrant its filing at a subsequent term as the charge of the court in the case, and that the court did not err in ordering it to be filed *nunc pro tunc*. The law is well settled by the decisions of our own courts, and hence we have no need to search elsewhere for authority.

There being no statement of facts, we are only authorized to inquire as to the sufficiency of the indictment and the applicability of the charge to the offense set out in the indictment; and in these we find no error. For anything disclosed by the record, the appellant has been legally tried and fairly convicted; and, therefore, the judgment of the court below is affirmed.

*Affirmed.*