## JOHN COX *v.* THE STATE.

1. RECORD — AMENDMENT. — On the retrial of a felony case which had been reversed on appeal, the defence moved to set aside the indictment because the fact of its presentment in open court by the grand jury, a *quorum* being present, did not appear upon the minutes of the court as required by law. The State moved to amend the minutes in this respect, and, to prove the fact, introduced the person who was foreman of the grand jury who found the indictment, and also the clerk who filed it. It appears by bill of exceptions that the motion to amend was sustained by the court, but no amendment of the minutes was in fact made. *Held,* that the motion to set aside was opportune notwithstanding the defendant's plea of not guilty at his first trial, and the other proceedings thereat, and that no amendment of the minutes having been made the record fails to show the necessary fact that the indictment was presented in accordance with law, and the conviction cannot stand.

2. SAME. — Note parol evidence held insufficient to warrant the amendment of the minutes of the court below at a' subsequent term. Such amendments should be made *nunc pro tunc.*

3. NEW TRIAL. — When a new trial is awarded on appeal, the *status* of the case in the court below is the same as if the new trial had been granted there, and the same as before any trial was had.

APPEAL from the District Court of Falls. Tried below before the Hon. L. C. ALEXANDER.

The indictment and conviction were for theft of a steer. All facts relevant to the rulings appear in the opinion. The assistant attorney-general moved for a rehearing; pending

which motion the appellant made his escape, and the appeal was dismissed.

*Goodrich & Clarkson*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State. After the defendant had pleaded to the indictment, he could not be heard on a motion to quash it on account of irregularities in the action of the clerk. *Carter* v. *The State*, 12 Texas, 502; *Terrell* v. *The State*, 41 Texas, 466; *The State* v. *Clarkson*, 3 Ala. 378.

On motion of the prosecution, the court below corrected its record. This was within its power. *Terrell* v. *The State*, 41 Texas, 466.

WHITE, P. J. This is the second time this case has been before us on appeal. It was reversed on the first appeal, for error in overruling defendant's application for continuance. 5 Texas Ct. App. 119.

After its reversal and when the case was again called for trial, on the 24th of March, 1879, and before defendant pleaded, he presented his motion to quash the indictment because the minutes of the court did not show that any such indictment was ever presented by a grand jury in open court. As set out in the transcript, the action of the grand jury is thus related, viz.: "On this the 14th day of September, A. D. 1877, the grand jurors, headed by their foreman, Zenos Bartlett, presented the following bills of indictment, to wit." Immediately follows a statement of the style, number, and offence in each bill so returned and presented. Several of these bills, including the one in this case, were against appellant and one Tom Weathers jointly. In placing his file-number upon the bills, the clerk had placed the number 735 upon this particular bill, whereas it appears that that number properly belonged to another case, entitled "*The State of Texas* v. *W. T. Millan and Frank Galloway*."

In response to defendant's motion to quash, the county attorney moved the court "that the minutes of the September term, 1877, be so amended and corrected that the same will show that the indictment filed in this case was presented in open court by the grand jury, and that the minutes of said term be so corrected and amended that the file-number of this indictment will correspond with said minutes."

The bill of exceptions then recites that "Zenos Bartlett was sworn, and testified before the court that he was foreman of the grand jury at the September term, 1877, of the District Court of Falls County; and that he brought all of the indictments signed by l i n into open court and delivered them to the judge; that the signature to this indictment as foreman of the grand jury is his own signature. He remembers finding a bill of indictment against Cox and Weathers, but don't remember this particular bill of indictment; but brought into open court all that were found by the grand jury. He don't remember that a *quorum* of the grand jury was always present; that the names of the grand jury were called. Don't remember finding more than one bill against defendant. Jesse Scruggs, sworn, testified that he was clerk of this court at its September term, 1877, and the indictment in this cause being handed him he testified that the file-mark is in his handwriting and the signature thereto is genuine; that he never filed any indictment except those handed him by the presiding judge in open court."

Defendant then read in evidence from the minutes of the court the only entry of the recital of the presentment, as we have copied it above, and the list of indictments running from numbers 721 to 735 inclusive.

In certifying the bill of exceptions the judge makes the statement that he sustained the motion of the county attorney to amend the records so as to show a proper presentment, "because it appears from the record and evi-

dence that the indictment herein (to which the defendant has heretofore pleaded) was presented in open court by the grand jury, a *quorum* being present, at the September term, 1877; because it appears from the minutes of the court that six, and only six, indictments were presented against said John Cox and Tom Weathers at said term, and that the same number appear on the docket from 730 to 735 inclusive; that the number is no part of the indictment, and it is evident that the variance in the file-number was a mistake of the clerk.''

Now it appears that after the motion of the county attorney was thus sustained by the court the record itself was never amended or corrected, and that the only entry of the presentment remained unaltered as first made. It seems to be settled that where a record is in itself ambiguous, parol evidence may be introduced to explain but not to falsify or contradict it. *Vestal* v. *The State*, 3 Texas Ct. App. 648. In this case the court did not perhaps transcend the rule, since it appears that an omission of a further statement on the part of the clerk, additional to what he did state, had created the doubt as to the proper presentment. *Terrell* v. *The State*, 41 Texas, 463.

The questions before us are : if the parol evidence was admissible, was it sufficient in its establishment of the fact desired to be proven? and, if sufficient, has the record been amended and corrected so as to meet and overcome the objection originally interposed? We are inclined to think that both these questions should be answered negatively. The evidence as detailed is entirely indefinite and unsatisfactory when sought to be used for so important a purpose as that of amending a court record in a matter of importance to the validity of its proceedings. And if it had been sufficient, its introduction and the proof of the omitted facts were not alone all that were required to make the record speak the facts necessary to be shown before it could be said to be complete. If the evidence was sufficient and

complete, the court should then have gone further, and had the entry of the records amended in fact, so as to show in terms an actual presentment of the indictment by the grand jury in open court, a *quorum* being present. This has not been done. But so far as appears by the record, which is required to be perfect and complete within and of itself and to import verity, it remains as it was originally when the objection was taken; it has never been altered, corrected, or amended.

In the case of *Croswell* v. *Byrnes*, 9 Johns. 286, on the issue of *nul tiel record*, the record of a judgment was produced; to rebut which the plaintiff produced a rule of the court subsequent to the judgment, setting it aside for irregularity. It was held that the entry of the rule on the minutes could not be received as evidence against the record, which imports verity and can be tried only by itself; "but the *vacatur* must be enrolled or entered of record. No proceeding is regarded as matter of record until it is enrolled."

The entry in this case, to be effectual, should have been made *nunc pro tunc*. *Burnett* v. *The State*, 14 Texas, 455; *Rhodes* v. *The State*, 29 Texas, 188. Our statute with regard to presentments of indictments by the grand jury reads, that "the fact of the presentment of the indictment in open court by a grand jury shall be entered upon the minutes of the proceedings of the court, noting briefly the style of the criminal action and the file-number of the indictment, but omitting the name of the defendant unless in custody or under bond." Acts 1876, p. 8 (Rev. Stats., Code Cr. Proc., art. 415). And this fact should appear in the transcript of the record for the Court of Appeals. Rules for District Court, 111. This entry must be affirmatively shown by the record, else a motion to quash the indictment upon that ground, made *in limine*, would, if overruled, according to the previous decisions of this court, be such error as would necessitate a reversal of the judgment. *Hardy* v. *The State*, 1 Texas Ct. App. 557; *Alderson* v. *The State*, 2

Texas Ct. App. 10; *Houillion* v. *The State*, 3 Texas Ct. App. 537; *Denton* v. *The State*, 3 Texas Ct. App. 635; *Jinks* v. *The State*, 5 Texas Ct. App. 68; 7 U. S. Dig. (1st series) 401, sect. 727.

But it is insisted in behalf of the prosecution, and the same opinion seems to have been entertained by the learned judge who tried the case, as is shown by his explanation to the bill of exception, *supra*, that the defendant having once pleaded to the indictment and been convicted, the objection came too late when it was interposed, and defendant could not at that stage of the proceedings avail himself of it. In this view we cannot concur. True, he pleaded not guilty on the first trial, was convicted, and appealed, without any mention having been made of this defect in the record. But the case was reversed on appeal, and remanded for a new trial. The statute reads: "Where the Supreme Court [Court of Appeals] awards a new trial to the defendant, the cause shall stand as it would have stood in case the new trial had been granted by the District Court [court below]." Pasc. Dig., art. 3216; Rev. Stats., Code Cr. Proc., art. 876. And "the effect of a new trial is to place the cause in the same position in which it was before any trial had taken place." Pasc. Dig., art. 3139; Rev. Stats., Code Cr. Proc., art. 783. On the new trial, defendant made his motion at the very earliest stage of the proceedings.

It is unnecessary that we should discuss the other errors complained of. Because of the error committed by the court as above shown, the judgment is reversed and the cause remanded for a new trial.[1]

*Reversed and remanded.*

[1] CLARK, J., having been of counsel in the lower court, did not sit in this case.