STRICKLAND v. WOFFORD.

(Court of Civil Appeals of Texas. Dallas.)

JUSTICES OF THE PEACE (§ 159*)—APPEAL IN FORMA PAUPERIS—AFFIDAVIT—SUFFICIENCY.

Where the affidavit of appellant desiring to appeal from a justice's court in forma pauperis complied with Rev. Civ. St. 1911, art.

2394, and was signed by him and actually sworn to before the justice who failed to sign his name to the jurat, the county court should permit the justice to supply the omission by signing his name.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 544, 550–578; Dec. Dig. § 159.*]

Appeal from Henderson County Court; J. S. Prince, Judge.

Action by J. B. Wofford against John Strickland. From a judgment of the county court dismissing an appeal from an adverse judgment of a justice's court, defendant appeals. Reversed and remanded.

E. P. Miller, of Athens, for appellant. W. R. Bishop, of Athens, for appellee.

RASBURY, J. The single issue in this case is the sufficiency of an affidavit in forma pauperis by which the case was sought to be removed on appeal from the justice court of Precinct No. 1 of Henderson county to the county court thereof. Appellee had recovered a judgment in said justice court against appellant, who, desiring to appeal the case, had complied with all statutory requirements relating to appeals from justice to county court in forma pauperis. The justice of the peace, however, before whom the affidavit was made, and who certified the record to the county court, failed to sign his name to the jurat. When the case reached the county court, the appeal was dismissed by the county judge for the failure of the justice of the peace to attach his signature to the jurat. On the hearing of the motion to dismiss the appeal, both appellant and the justice of the peace testified that appellant did swear to the facts stated in the affidavit before said justice of the peace after having signed his name thereto, and the justice of the peace testified that he had omitted to attach his signature to the jurat for the reason that he thought his signature, which he attached to his certificate on the same sheet of paper certifying the case to the county court, was sufficient for all purposes. Also on said hearing appellant requested permission of the county judge for the justice of the peace to then sign the affidavit, and the justice of the peace expressed his desire to do so, if permitted by the county judge. The request was refused, and the appeal dismissed. We think such refusal error.

The statute provides that appeals in forma pauperis may be taken in cases where parties are unable to pay costs or give security therefor, but that persons availing themselves of the statute shall make strict proof, etc. (article 2394, R. S. 1911); said proof to be made before the county judge or the court trying the case and to "consist" of the "affidavit" of the party taking the appeal within the prescribed period and containing certain recitations of fact. The affidavit in this case complies with the statute in all respects and is signed by appellant and was actually sworn to by him before the justice of the peace. In short, the appellant took every step he could take, and every step he was required to take, to secure the appeal. There was nothing remaining for him to do unless it was to see that the justice of the peace performed his duty by signing his name officially and correctly to the affidavit and forwarding all papers to the clerk of the county court. The performance of these acts was in no respect his duty. It may have been his duty, upon hearing of the motion to dismiss, to show the facts we have recited and to ask permission of the county judge for the justice of the peace to attach his signature nunc pro tunc. This he did. Having done so, it seems to us he should not lose or forfeit his right of appeal through the inadvertence of the officer or omission to observe a clerical detail which appellant could not control nor reasonably anticipate; and, since it is undisputed that the affidavit had been signed and sworn to by appellant, the justice of the peace should have been permitted to supply his omission by signing his name to the affidavit. Sims v. Redding, 20 Tex. 387; May v. Ferrill, 22 Tex. 340; Arnold v. Kreissler, 22 Tex. 580; Ryan v. Goldfrank, Frank & Co., 58 Tex. 356.

The judgment of the court below is reversed, and the cause remanded, with instructions to permit the justice of the peace to attach his signature to the jurat of the affidavit nunc pro tunc.