

**THE ATTORNEY GENERAL**

**OF TEXAS**

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

January 24, 1948

Honorable William N. Hensley
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. V-485

Re: Whether a clerical error by the
Board of Equalization will in-
validate the assessment and re-
lated questions.

Dear Mr. Hensley:

Your letter request relative to the above-captioned
matter reads, in part, as follows:

"I have received from the Commissioners'
Court of Bexar County the following:

"'The Commissioners' Court has here-
tofore passed a number of orders cancel-
ling assessments and directing the Tax As-
sessor-Collector of Bexar County to cancel
the set assessment appearing on the 1947
tax roll by reporting it on the Form 17 list
of errors and to reassess the property and
to present the new assessment to the Com-
missioners' Court for approval as required
by Article 7346 and 7347, Revised Civil Stat-
utes. In each of such cases, the order re-
cited that the assessment was invalid be-
cause of a clerical error in the Board of
Equalization.

"'On November 21, 1947, several such
orders were returned to the Commissioners'
Court with a statement from the Hon. P. E.
Dickinson, Tax Assessor-Collector of Bexar
County, substantially as follows:

"'"We regret very much that we can-
not accept the order of October 29,
1947, issued by Commissioners Court
of Bexar County, Texas, instructing the

Assessor-Collector to reassess property in the name of Fidelity Realty Company No. 45.

"'" It is our understanding that the value of the property as fixed by the County Commissioners sitting as a Board of Equalization is final, subject only to being set aside for fraud or the adoption of a fundamentally wrong method of assessment."'

"'It is my feeling that where a clerical error is made in the Board of Equalization setting evaluations on property on the tax rolls, that the order of the Commissioners' Court, when that fact is brought to its attention, probably should find as a finding a fact by the Commissioners' Court that evaluation was invalid because of such clerical error. I do not believe that the law can mean that the Commissioners' Court is restricted in its findings to a finding of fraud or the adoption of a fundamentally wrong assessment.

"'Therefore, I request your opinion upon the following questions:

"'1. Is it proper for the order of the Commissioners' Court, where such is the facts, to contain a finding that the evaluation placed by the Board of Equalization on the property in question was invalid because of a clerical error in computing such value by the Board of Equalization?

"'2. Is it necessary that the Commissioners' Court, in such case, find that the evaluation, and subsequent assessment, was invalid because of the adoption of a fundamentally wrong method of assessment?

"'3. Is it not sufficient that the Commissioners' Court find that a clerical error exists as a basis for its order declaring its evaluation, and subsequent assessment, invalid?

"'4. If it is not legally sufficient for the Court to find a clerical error exists, then what specific terminology must be used in order for

the Commissioners' Court to set aside an
invalid and improper evaluation made by
the Board of Equalization?'"

We are enclosing herewith the prior Opinions 0-1342,
0-1462, 0-6257, and 0-7412, which set out applicable statutes rela-
tive to invalid assessments and the method provided in having prop-
erty re-assessed.

However, from the facts stated in your letter, we are
of the opinion that the assessments in question are valid. Clerical
errors were made by the Equalization Board in performing its duty
in equalizing and correcting the assessments. Assuming that the as-
sessments were valid at the time the tax assessor submitted the list
of assessments to the Equalization Board, clerical errors by the
Board would not, in our opinion, make the assessment void. The
Commissioners' Court, sitting as a board of equalization, is a quasi-
judicial body. Ward County v. Wentz, 69 S.W. (2) 571; City of El Paso
v. Howze, 248 S.W. 99. It is our opinion that the Commissioners'
Court, convened as a board of equalization, has the same authority to
make the record of its findings as to valuations correctly and fully
reflect what the court found, as a court has to correct errors in the
entry of its judgment by a nunc pro tunc order. We must assume as a
basis for this opinion that the changes in the assessment roll as or-
dered by the Commissioners' Court, were ordered because of clerical
errors and that the finding that an error had been made in entering its
judgment approving or fixing a particular valuation is correct. The
Supreme Court of Texas in Coleman v. Zapp, 151 S.W. 1040, in uphold-
ing the power of courts to correct their records by nunc pro tunc en-
tries, used the following language:

"The judgment of a court is what the court
pronounces. Its rendition is the judicial act by
which the court settles and declares the decision
of the law upon the matters at issue. Its entry is
the ministerial act by which an enduring evidence
of the judicial act is afforded.

"The failure of the minute entry to correct-
ly or fully recite what the court judicially deter-
mined does not annul the act of the court, which
remains the judgment of the court notwithstanding
its imperfect record. Freeman on Judgments,
§ 38.

"Hence it is that from the earliest times the
power of correcting or amending their records, by
nunc pro tunc entry, so as to faithfully recite their
action, has been possessed and exercised by the

courts as an inherent right, independent of any statute, and, in the absence of express provision, unaffected by limitation. Freeman on Judgments, § 56; Ency. Pl. & Prac. vol. 18, p. 459. Our statutes providing for the correction of mistakes in the record of judgments and decrees (articles 1356 and 1357, Sayles' Civil Stat.) govern the procedure of its exercise; but they are only cumulative of this inherent power of the courts to have their records at all times speak the truth. If a court is made aware that through mistake or omission its records do not recite its judgment as actually rendered, we do not doubt that it is not only the right but the duty of the court, of its own motion and after due notice to the parties, to order the proper entry. The nature of a judicial record, the accuracy of which is the peculiar concern of the court and which for that reason and to that extent remains within the court's control, forbids that its correctness as an expression or evidence of judicial action should depend upon the inauguration of a proceeding by the parties; and it is therefore plain that such a proceeding only invokes an authority which the court may exercise of its own accord. In Ximenes v. Ximenes, 43 Tex. 458, Judge Moore quoted the following language from the opinion of Judge Wheeler in Burnett v. State, 14 Tex. 456: '"Every court has the right to judge of its own records and minutes, and, if it appear satisfactorily to them that an order was actually made at a former term and omitted to be entered by the clerk, they may at any time direct such order to be entered on the records as of the term when it was made."' And then announced: 'And there can be no doubt, we think, that this court may, at a subsequent term after a final judgment, if there is the proper predicate for it, correct clerical errors or mistakes, cure defects of form, or add such clause as may be necessary to carry out the judgment of the court, make the entry in the minutes correspond with and correctly express the judgment actually rendered, as shown by the entire record.' In Whittaker v. Gee, 63 Tex. 435, it was held by Chief Justice Willie as follows: 'Frequent decisions of this court have settled the right to have a judgment amended after the expiration of the term at which it was obtained, when, through mistake or clerical error, the record does not speak

fully or truly the judgment actually rendered in a cause.'"

Based upon the above, it is our opinion that the Commissioners' Court, sitting as a board of equalization, after due notice to the taxpayer, may by a nunc pro tunc entry, correct clerical errors in its minutes of prior meetings so they will correctly reflect the prior action of the Board. Then it will become the tax collector's duty to correct his tax rolls to conform thereto.

### SUMMARY

The Commissioners' Court, sitting as a board of equalization, after due notice to the taxpayer, has the authority to correct clerical errors in its minutes of prior meetings by a nunc pro tunc entry, so that the minutes will correctly reflect the prior action of the Board in equalizing assessments. The tax collector should then correct his tax rolls to conform thereto.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *W. V. Geppert*

W. V. Geppert
Assistant

WVG/JCP

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL