Lipscomb, J.
The plaintiffs in error ask a reversal of the judgment on. the ground—
1st. That the court erred in overruling the motion to quash the attachment. • '
2d. The court erred in overruling the motion in arrest of judgment on the ground that the finding of the jury shows that the District Court had not original jurisdiction in the case, and in overruling the motion to tax the plaintiff ’with coste.
3d. The court erred in rendering judgment against the defendants in the court below for twenty-two dollars — the amount found by the verdict of the jury — and rendering judgment against them for costs.
To take up thesc'points in the' order in wiiich they have been presented: It seems that the petition contains everything distinctly alleged that the statute requires to be sworn to as necessary and essential to the procurement of the attachment process. The petition is sworn to by the petitioner, and the objection that it is not so sworn to in a separate affidavit does not seem well taken. All that is required by the statute is that those facts shall he sworn to before au attachment shall issue.
The other points can be considered together. The petition shows that the suit is brought for an amount considerably above the jurisdiction of the justice of the peace, and several distinct sums claimed, but each of them of sufficient amount to give jurisdiction to the court. The verdict is for twenty-two dollars; but whether the plaintiff’s demand was reduced by payment or by set-off we cannot know, as there was among other defenses a plea of set-off. If it was reduced by the set-off, the plaintiff was entitled to costs. Even if the balance had been found for the defendants on ax>lea of set-off, the plaintiff would have been entitled to his costs. Not so if reduced by payment before the institution of suit. Had the finding of the jury shown the demand to have been reduced below the jurisdiction of the District Court by payment,, the defendants would have been entitled to costs. (Acts of 1840, p. 63, sec, 4; Hall v. Hodges, 2 Tex. R., 330; Cochran v. Kellum et al., 4 Tex. R.)
We can perceive no error in the judgment of the court below; it is therefore affirmed.
Judgment affirmed.