No. 84.—Birdsong & Sledge, plaintiffs in error, *vs.* Peter Mc-Laren, defendant.

[1.] Affidavits, under our attachment laws, should be signed by the Magistrate before whom they are taken, with the addition of their official description.

[2.] Where the attachment bond is made payable to the individual members of a firm, when the attachment itself is sued out against the firm, and it does not recite that the obligees compose said firm, the bond and attachment are both void.

Attachment, in Muscogee Superior Court.   Tried before Judge Alexander, May Term, 1850.

This was an attachment sued out by Peter McLaren, against the firm of Birdsong & Sledge.   The affidavit was not attested by the Justice of the Peace, and the bond was made payable to Edward Birdsong and Nathaniel Sledge.   The defendants appeared and entered their defence.

On the appeal, a motion was made to quash the attachment, on the ground that there was no affidavit or bond as required by law.   The Court allowed the Justice of the Peace to enter his attestation, *nunc pro tunc*, and overruled the objection to the bond. This decision is assigned as error.

There were other exceptions filed, but not decided in the Supreme Court.

W. Dougherty, for plaintiffs in error.

H. Holt, for defendant.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] In *Jackson vs. Valentine*, (3 *Caine's Rep.* 128,) the Supreme Court of New York ruled that the jurats of affidavits, taken before the Judges of the Common Pleas or Commissioners, must be signed by them, with the addition of their official subscriptions— Judges of the Common Pleas to style themselves such, and Commissioners to specify that they are so.

For myself, I believe that the paper purporting to be an affida-

vit, wanting as it did the signature and official attestation of the Magistrate, was a nullity under the attachment laws of this State, and that it was not amendable.

[2.] But the other objection was fatal. The attachment was sued out by McLaren against the firm of Birdsong & Sledge, and the bond was made payable to Edward Birdsong and Nathaniel Sledge, as *individuals*, without reciting that the obligees composed said firm; whereas, the attachment law requires that before granting the attachment, the creditor shall give bond and security in double his debt, payable to the *defendant*. *Prince*, 31. And that all attachments issued and returned in any other manner, shall be null and void. *Ibid.* Now, the *defendant* is the firm of Birdsong & Sledge, and not Edward Birdsong and Nathaniel Sledge. I need not point out the legal consequences which would result from this discrepancy.

Let the judgment be reversed.