## GRAY & WALLACE V. STEEDMAN BROS.

(Case No. 4970.)

1. ATTACHMENT BOND.— In an attachment suit brought by a firm, the individual members of which are stated in the petition, it is no objection to the attachment bond, that in the body thereof the principals are referred to as the individuals composing the partnership, and that the bond is signed by them as a copartnership by signing the firm name.

2. SAME.— Nor is it a valid objection to such a bond, that on its face it is made payable to the individual members of the firm which is sued. In holding this the court declines to follow the case of Birdsong v. McLaren, 8 Ga., 521.

3. SAME.— An affidavit for attachment, attached to and filed with the petition, is not to be construed as would be an affidavit disconnected therefrom and filed at a different time, but as being connected with the petition; and if in such affidavit the words "above entitled cause" be used, they must be construed as referring to the style of the cause set forth in the petition.

4. ATTACHMENT.— The obtaining of goods under false pretenses will not warrant an attachment, unless the seller relied on the false pretenses as true, and parted with his property in that belief. One false pretense thus made, when relied on, will sustain the attachment.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

Appellants begun this suit by attachment in the county court on open account for $493.25. The case was transferred to the district court on account of the disqualification of the county judge. September 3, 1881, original answer filed by defendants in district court. May 9, 1883, defendants filed motion to quash the attachment. May 21, 1883, plaintiffs were granted leave for the officer to amend the jurat to the affidavit for attachment. September 25, 1883, defendants' motion to quash the attachment was sustained, plaintiffs excepting. Verdict and judgment for plaintiffs for the amount of their account and interest.

E. C. McLean and Hare & Head, for appellants, cited: Drake v. Brander, 8 Tex., 354; De Caussey v. Baily, 57 Tex., 665; Messner v. Lewis, 20 Tex., 221; Pinson v. Kirsh, 46 Tex., 28. See Arnold v. Kreissler, 22 Tex., 580; May v. Ferrill, 22 Tex., 340; Ryan v. Goldfrank, 58 Tex., 356.

J. G. Rainey and Finley & Pasco, for appellees, cited, on the action of the court in quashing the bond: R. S., art. 1037; Rules for the Courts of Texas, 24 to 26, 47 Tex., 602; Pearson v. Flanagan, 52 Tex., 276; Barnard v. Tarleton, 57 Tex., 402; Fisk v. Wilson, 15 Tex., 430; Green v. Dallahan, 54 Tex., 285; 25 Tex., 362; 8

Ga., 521; Willis *v.* Lyman, 22 Tex., 269; Sydnor *v.* Chambers, Dallam, 601–606.

Walker, P. J. Com. App.— It is assigned as error that the court erred in sustaining the defendants' motion to quash the attachment, the grounds of which will be considered in their order, viz.:

1st. The bond binds J. W. Gray and J. E. Wallace jointly, but not as a firm, nor does it state that they compose a firm.

2d. The principals in the bond have not signed it; the principals, as appearing therefrom, are J. W. Gray and J. E. Wallace, and the bond is not signed by them, but by "Gray & Wallace."

The plaintiffs sue on their account as a firm composed of J. W. Gray and J. E. Wallace, doing business under the firm name of Gray & Wallace. The defendants are declared against as a firm doing business under the firm name of Steedman Brothers, and composed of J. E. Steedman and B. F. Steedman, who are made defendants, and the petition does not in its allegations otherwise refer to the parties than as " plaintiffs " and " defendants."

The attachment bond recited on its face that J. W. Gray and J. E. Wallace, as principals, ." were bound, etc., in the form prescribed by the statute in respect to the general tenor and conditions of an attachment bond," and was signed " Gray & Wallace."

The bond was sufficient. It is no objection to it that the partnership name was signed to it by one of the firm instead of the individual names of the several partners. Drake on Attach., sec. 136. The objection that the bond binds J. W. Gray and. J. E. Wallace jointly, but not as a firm, and that it does not state that they compose a firm, is not a valid one. The statute requires the *plaintiffs* to execute a bond such as is indicated by it (see arts. 156, 158, R. S.), and that requirement is complied with if, from the face of the bond and the signature to it, together with other circumstances of identification, it appears that those who purport to be jointly bound as principals are the plaintiffs in the suit in which the attachment is sought. The bond is marked filed and approved by the proper officer, and is found among the papers of the cause and constitutes a part of the record, and presumably it was made and delivered by the *plaintiffs* in the suit. It was not necessary, therefore, that the bond should have shown on its face that they executed it as a firm of which they were members, as shown in the petition.

· "3d. The bond is not payable to the defendants Steedman Brothers, but to J. E. Steedman and B. F. Steedman jointly." For reasons similar to those already given, we think this point not maintainable.

Although "Steedman Brothers" is the style and name of the firm, the members of it cannot be sued and recovered against by a suit brought simply against the firm by the mere designation of the style of the firm; the plaintiff must allege who constitute the firm, and against such only can he maintain a suit for a personal judgment. It is, therefore, the members of the alleged firm who are "defendants." The statute requires the bond to be made payable to the defendant or defendants in the suit, as the case may be. It is complied with by giving a bond payable to those persons who are sued as members of the alleged firm. The bond is required to be filed with the papers of the cause, and it fully appears from the petition what the relation is that the obligees sustain to the attachment proceeding. The suit against the firm, nor the attachment, does not limit the remedies sought by judgment, execution and attachment to firm or partnership interests of those who compose the firm, but they extend to their separate liabilities respectively as individuals as well as members of the firm, and it is not perceived that any rule of principle or expediency requires that the bond, in an attachment proceeding in a case like this, should be made payable otherwise than in the manner here adopted. At any rate, we think the bond sufficient. Under the view expressed, we cannot follow the case cited by counsel for the appellee (Birdsong v. McLaren, 8 Ga., 521) on this proposition.

That was the case of an attachment suit by McLaren against the firm of Birdsong & Sledge, and the bond was made payable to Edward Birdsong and Nathaniel Sledge, as *individuals*, without reciting that the obligees composed said firm; "whereas the attachment law," said Lumpkin, J., delivering the opinion, "requires that, before granting the attachment, the creditor shall give bond and security in double his debt, payable to the *defendant*." . . . . "Now, the defendant," the judge proceeds to add, "is the firm of Birdsong & Sledge, and not Edward Birdsong and Nathaniel Sledge."

The reasoning of the learned and very distinguished judge is not satisfactory to our minds, unless upon the hypothesis that in that case it did not appear in the plaintiff's petition or declaration that the firm of Birdsong & Sledge was composed of Edward Birdsong and Nathaniel Sledge.

Applying the reasoning used in the case from Georgia to that before us, we do not think this court can properly say that J. E. Steedman and B. F. Steedman are not the defendants in this suit, but that Steedman Brothers are the defendants. Such, however,

would be the result of Judge Lumpkin's opinion as urged to be applied to this case.

Fourth ground of motion to quash objects to the affidavit, because it does not show in what case it is made, nor who are the plaintiffs, nor defendants, nor that the defendants are indebted to the plaintiffs, nor that the plaintiffs' claim was due at the time of suing out the attachment. The affidavit followed the petition, on the same paper, and was sworn to and filed with and at the same time with the petition.

The affidavit is: Now comes J. W. Gray, *one* of the *plaintiffs* in the above entitled cause, and, after being duly sworn, on his oath says: That the defendants are just indebted to *them* in the *said sum* of $493.25; that the debt is due for property obtained under false pretenses; that the attachment is not sued out for the purpose of injuring or harassing the defendants, and that plaintiffs will probably lose their debt unless such attachment is issued. Wherefore he asks that a writ of attachment may issue against said defendants.

The affidavit is not to be construed as if it were a separate paper wholly disconnected from the petition, but rather in connection with and as if it directly and in terms referred to it as a part thereof. It has been held that the affidavit may be embodied in the petition and sworn to, and in such case it is not necessary that there should be a separate affidavit. Watts *v.* Harding, 5 Tex., 386.

The affidavit does, in terms, refer to the petition that precedes it as "the above entitled cause," and we think it must be read and understood the same as if it were contained in the body of the petition proper. The affidavit seems, under this view, to be unobjectionable and sufficient.

The fifth ground, that the affidavit does not show that it was made by plaintiff, his agent or attorney, is in the face of the reverse fact that it was made by one of the plaintiffs, and that was sufficient.

In view of amendments made of the jurat of the affidavit by the officer, under facts which warranted the same, the sixth and seventh grounds of the motion need not be stated. See Arnold *v.* Kreissler, 22 Tex., 580; May *v.* Ferrill, 22 Tex., 340; Ryan *v.* Goldfrank, 58 Tex., 356.

The remaining grounds relied on in the motion to quash are not well taken. Their merits have been virtually determined in this opinion in the discussion of other grounds stated in the motion.

The error committed in quashing the attachment must reverse the judgment. The appellees also assign as error certain portions of

the charge given by the court on the issue involved under their plea in reconvention for damages, for the alleged wrongful suing out of the attachment, the ground for the suing out of which, as has been seen, was that the debt sued for was due for property obtained under false pretenses.

The charge given was to the effect that if the defendants made any false representations to the plaintiffs in making the purchase from them of the goods, to find for the plaintiffs. It is urged that that fact would not warrant an attachment unless the false representations thus made were relied on by the plaintiffs as true, and that the court should have so instructed the jury. We concur in this as being a correct interpretation of the statute authorizing the issuance of an attachment under art. 152, Rev. Stat., in cases where "the debt is due for property obtained under false pretenses." Unless the seller relies upon the representations that are made to him, and parts with his property under the belief induced by them that they are true, it cannot be said that the purchaser has acquired or obtained it by means of, or under them. If a man sells goods to another on a credit, on the basis and faith of his solvency and punctuality, the mere fact that the purchaser may have made to him false representations or pretenses as to facts which did not influence nor affect the mind and intention of the seller in making the contract and sale, would not furnish ground for an attachment.

The court, however, did not err in charging in effect that one false representation was sufficient to support the attachment and defeat a claim for damages when the evidence showed that there were several representations alleged to be false relied on by the plaintiff.

The judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted January 21, 1885.]