GARRISON v. STOKES et al.

(Court of Civil Appeals of Texas. Amarillo. Nov. 30, 1912.)

1. VENUE (§ 41*)—CHANGE OF VENUE—PLEA OF PRIVILEGE—EFFECT.

Where plaintiff joined as defendant a party who was clearly entitled to a change of venue to another county, and did not dismiss as to such party, the court, having no power to dismiss as against that party, properly transferred the suit as to all parties, especially where the other parties defendants had pleaded privilege to be sued in such other county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 62, 63; Dec. Dig. § 41.*]

2. VENUE (§ 5*)—NATURE OF SUBJECT OF ACTION—ACTION RELATING TO REAL PROPERTY.

Tested by the averments of a petition to the effect that defendants contracted with plaintiff to convey to him certain lands, the breach by defendants, that defendant bank was instrumental in delaying the completion of the contract, and in causing its final breach by the other defendants, with a claim, usual in trespass to try title, of the legal and equitable ownership of the land described, and a prayer for specific performance, and, in the alternative, for title and possession, for rent, damages and costs, the suit was for specific performance of a contract to convey land, and not an action in the alternative to recover land, and, as such, required the court to sustain a defendant's plea of privilege to be sued in the county of his residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 4–11; Dec. Dig. § 5.*]

Appeal from District Court, Floyd County; L. S. Kinder, Judge.

Action by J. M. Garrison against D. R. Stokes et al. From an order transferring the suit to the district court of Motley county, Texas, for trial, plaintiff appeals. Affirmed.

Houghton & Hall, of Floydada, for appellant. T. T. Bouldin, of Matador, and Randolph & Randolph, of Plainview, for appellees.

PRESLER, J. This suit was filed by appellant (plaintiff below) against appellees (defendants below), alleging, in substance, that on or about the 1st day of November, A. D. 1911, appellees, D. R. Stokes, Miss Petie Stokes, and Mrs. Mary I. Stokes, entered into a contract with appellant, in which appellees agreed to convey certain lands located in Floyd county, Tex., as described in appellant's petition, alleging specifically said contract and the breach thereof by said appellees, and further alleging that appellee the First State Bank of Matador was instrumental in "procuring" said contract on the part of the other appellees by phoning to Floydada, Tex., and hindering and delaying the completion of the contract and causing the same to be finally breached by the other appellees, and sought damages against said appellee by reason thereof. Later in his petition, by general allegations, usual in an action of trespass to try title, appellant claimed to be the legal and equitable owner of the land described in the first part of his petition, prayed for specific performance of the contract of sale and judgment for his damages, and, in the alternative, prayed judgment for title and possession of the land referred to, for rent and damages and costs of suit.

[1] Appellees below filed their pleas of privilege (the First State Bank of Matador filing its plea separate from the other three named appellees), each setting up the fact that they resided in Motley county, Tex., and the First State Bank of Matador further alleging in said plea that it had no agent or local representative in Floyd county, Tex., said pleas of privilege in all respects complying with the statute, and the court, after considering the same, sustained said pleas, and ordered said suit transferred to the district court of Motley county, Tex., for trial. From this order appellant duly appeals to this court. We are of the opinion that there was no error in the action of the court complained of. It clearly appears from the record that the appellee the First State Bank of Matador resided in Motley county, Tex., and that there was no exception under the statute that would give the district court of Floyd county jurisdiction of said bank, appellant's petition clearly showing that said appellee bank owned no interest in said land, was not a party to the contract, the specific performance of which is the primary purpose of this suit, and was neither a necessary nor proper party to this suit, and the appellant having joined this appellee with the others and having failed to dismiss his suit as to said

appellee who clearly had the right as against appellant to have the suit tried in the county of its residence, and the court having no authority under the statute to dismiss said suit against said appellee, appellant is in no attitude to complain of the action of the court in transferring the case as against all of the appellees to Motley county, if its action had been based upon the plea of the appellee bank alone. As stated by the court in the case of Luter v. Ihnken, 143 S. W. 676: "Both of the parties sued in this case live in Medina county, and appellant deemed it necessary to join them in his action for specific performance, and, when the plea of privilege was sustained as to one of them, it had the effect of changing the venue to Medina county. No provision is made in the law of 1907 for the dismissal as to one of the parties in whose favor the plea of privilege is granted, but the statute was passed to prevent dismissals for it is mandatory that 'the cause shall not be dismissed on that account.' The court, acting under that statute, had no right or authority to dismiss the cause as to one of the parties, and neither does it seem that he had the authority to change the venue as to one party and refuse it as to another, especially when that other does not object to such action. The law has provided for no such contingency as arises in this case, but imperatively demands that, whenever a plea of privilege to a venue is sustained, the venue must be changed."

[2] We are further of the opinion that appellant's contention that said pleas of privilege should have been overruled by the court because his action in the alternative is one to recover the land with the usual allegations and indorsements of an action of trespass to try title cannot be sustained upon the record in this case. Tested by the averments of the petition, we think that the primary and manifest purpose of the suit was to compel the appellees to specifically perform the contract to convey the land in question and to transfer a lease to certain other lands referred to. Such suit should be brought in the county of appellee's residence (Hearst v. Kuykendall, 16 Tex. 327; Mixan v. Grove, 59 Tex. 573), unless appellees had agreed in writing to perform the contract in some other county, which is not alleged. As is stated in the opinion of the court, in Cavin et al. v. Hill, 83 Tex. 76, 18 S. W. 324: "The prayer is for a judgment for the possession of the land and for a specific performance of the contract before described. It is an elementary rule of pleading that specific allegations will control those of general character. It is also well settled that if the other party pleads, even when not bound to do so, his right or title specially, he will be bound thereby, and must be confined to the proof of the facts

thus specifically alleged, for the reason that he has thus notified his adversary of the exact nature and extent of his claim. It is likewise the established doctrine in this state that, under the general averments of a petition in trespass to try title, the plaintiff cannot have special equitable relief, such as the reformation of a deed, on the ground of mistake, etc., without distinctly alleging the facts upon which he relies in addition to the usual averments in a judgment." And here, as in the case above referred to, it is apparent from the petition itself that the only right or title to the land in question which appellant claims is such as he derives through the contract of sale which is made the basis of his action, and that to establish and have performed that contract is the real and sole purpose of the suit. We regard the allegations of appellant's seizure and title otherwise and of the trespass by the appellees as mere surplusage. The character of the suit is determined as a matter of law by the facts stated in the petition, and not by the indorsements thereon. Any other view of this petition would place the appellant in an inconsistent and untenable position; for, if he already owns the land in fee simple, the appellee could not be compelled in equity to specifically perform the contract for the conveyance of the land.

We are therefore of the opinion that the jurisdiction of the court cannot be maintained upon the ground that appellant's suit is one for the recovery of the land, and that the judgment appealed from should be in all things affirmed, and it is so ordered.