RUTLEDGE et al. v. EVANS.   (No. 6289.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 7, 1920. Rehearing Denied March 3, 1920.)

1. PLEADING ⬤⟿111—NO DISMISSAL OF PARTIES ON PLEA OF PRIVILEGE.

Under Rev. St. 1911, art. 1832, as to plea of privilege, no party properly in suit can be dismissed from the action on such a plea.

2. VENUE ⬤⟿41—THOUGH CERTAIN DEFENDANTS ARE NOT ENTITLED TO CHANGE OTHERS ARE WHERE CAUSES OF ACTION ARE SEVERABLE.

Any right to hold B. and R. responsible in action against them and I. and C. on joint note of I. and C., alleged to be a partnership obligation of all, being independent of the promise, they, on their plea of privilege are entitled to the transfer of the cause, as to them, to the county of their residence, though the note is payable in the county where action is brought.

3. APPEAL AND ERROR ⬤⟿1024(3) — DETERMINATION OF JURY ON ISSUE OF FACT ON PLEA OF PRIVILEGE CONCLUSIVE.

There being sufficient facts to justify the findings, determination of the jury against a defendant on an issue of fact on plea of privilege is conclusive against him on appeal.

4. VENUE ⬤⟿22(1) — PART OF DEFENDANTS MAY SUCCEED ON PLEA OF PRIVILEGE WHERE CONTROVERSIES ARE SEVERABLE.

Where the controversies between plaintiff and one set of defendants and those between plaintiff and another set of defendants are severable, one set may succeed on their pleas of privilege, though plaintiff is entitled as against the others to have the action tried where brought.

5. APPEAL AND ERROR ⬤⟿1153—APPELLATE COURT CAN SEND PART OF CAUSE WHERE TRIAL COURT SHOULD HAVE SENT IT ON PLEA OF PRIVILEGE AND RETURN BALANCE.

The appellate court on appeal from judgment against pleas of privilege has power to send part of the case where the trial court should have sent it, and return the other part to the trial court for trial.

6. VENUE ⬤⟿56—ON CONSENT OF ONE DEFENDANT CAUSE TO BE TRANSFERRED TO COUNTY OF ANOTHER DEFENDANT'S DOMICILE.

As to two defendants living in different counties and each entitled to succeed on his plea of privilege, one agreeing to transfer of the cause to the county of the other's domicile, transfer should be made thereto as to both.

7. APPEAL AND ERROR ⬤⟿879—CROSS-ASSIGNMENT WILL NOT LIE AS TO JUDGMENT FOR A DEFENDANT NOT APPEALING.

Where plea of privilege was sustained as to one defendant and overruled as to others, and only the latter defendants appeal, plaintiff by cross-assignment cannot complain of the judgment as to the other defendant.

8. TRIAL ⬤⟿4—PLEAS OF PRIVILEGE SHOULD BE DISPOSED OF FIRST.

It is proper and not an abuse of discretion to first take up and dispose of the pleas of privilege.

9. VENUE ⬤⟿79—ON TRANSFER OF CAUSE AS TO PART OF DEFENDANTS ALL ORIGINAL PAPERS RELATING TO THEM ARE TO BE TRANSFERRED.

Under Rev. St. 1911, art. 1833, providing that, in case plea of privilege is sustained, all the original papers in the cause shall be sent to the court to which the venue has been changed, where the plea of part only of defendants is sustained, all such papers relating to the cause of action against them are to be sent, though this includes papers relating to the cause against the others.

Appeal from District Court, Hidalgo County; V. W. Taylor, Judge.

Action by Marvin Evans against Dent N. Cobb and others. From the judgment overruling the pleas of privilege of defendants Eduardo Izaguirre and Will J. Rutledge and their motions for new trial on such pleas, they appeal. Affirmed in part, and reversed and rendered in part.

James B. Wells, of Brownsville, J. L. Browne, of San Antonio, and D. F. Strickland, of Mission, for appellants.

J. E. Leslie, of McAllen, Geo. P. Brown, of Edinburg, and James A. Graham, of Brownsville, for appellee.

COBBS, J.  This suit was brought on August 26, A. D. 1918, in the district court of Hidalgo county, Tex., by Marvin Evans, against Dent N. Cobb, Eduardo Izaguirre, N. H. Browne, and Will J. Rutledge, to recover upon a promissory note in the sum of $37,950, signed by Izaguirre & Cobb, by Dent N. Cobb, alleging that Izaguirre & Cobb was a copartnership, composed of the four defendants named above, and also in the alternative that, if Rutledge was not a member of the firm, the firm was composed of the other three defendants named, and that, if neither Rutledge nor Browne were members of the firm, the firm was composed of the first two named, and that, if mistaken in this allegation, and neither Rutledge, Browne, nor Izaguirre were members of said firm, it was composed of Dent N. Cobb alone, and to foreclose a chattel mortgage, and also alleging a conversion of the cattle by all of the defendants and praying for recovery on account thereof. Defendant Cobb was never served with citation, as he had left the country before the institution of the suit, and the defendants Izaguirre, Browne, and Rutledge each filed separate pleas of privilege, together with sworn pleas of non est factum, denying the partnership, and each claiming the right to be sued in the county of his respective residence,

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the residence of Izaguirre being alleged to be in Jim Hogg county, that of Browne to be in Bexar county, and that of Rutledge to be in Karnes county, and each praying for a removal of the case to the county of his respective residence. The allegations of the petition were to the effect that the residences of the defendants Izaguirre, Browne, and Rutledge were in the respective counties above named, and that Cobb resided in Starr county, Tex. The case was tried on the pleas of privilege of the defendants Izaguirre, Browne, and Rutledge at the March term of the district court of Hidalgo county before a jury. After the plaintiff's evidence in chief had closed the court sustained the motion of defendant Browne for an instructed verdict, and as to defendants Izaguirre and Rutledge the case was submitted to the jury upon special issues, and upon the findings the court entered judgment overruling the pleas of privilege of Izaguirre and Rutledge and sustaining the plea of privilege of defendant Browne and transferred the case as to Browne to Bexar county, Tex., and entered judgment to that effect on the 29th day of March, A. D. 1919. The defendants Izaguirre and Rutledge filed separate motions for a new trial, which were overruled, and said defendants gave notice of appeal and perfected their appeals by filing bonds herein on the 18th day of April, A. D. 1919.

The note sued on and described in plaintiff's petition is a plain promissory note, dated June 15, 1918, for $37,950, payable on demand after date to First State Bank of Mission, signed, "Izaguirre & Cobb, by Dent Cobb." Suit was instituted the 26th day of August, 1918. The alleged consideration was for moneys advanced to Dent Cobb to purchase cattle, and represented in amounts by former agreements or checks drawn out on his individual signature.

On the 22d day of June, 1918, Dent Cobb executed a mortgage to C. L. Fortson to secure payment of four notes of the respective amounts of $10,000, $15,000, $10,000, and $10,000, of which neither Browne nor Rutledge had any notice, but those notes are not sued upon herein, for the suit is on the note for $37,950.

It is assigned that the court erred in not transferring the entire cause to Bexar county as to the other two defendants, after directing transfer as to Browne, they joining in the request to transfer to Bexar, thereby waiving, in favor of such order, the right to have to have it transferred to the county of their respective domicile.

No appeal was perfected by appellee from the judgment sustaining the plea of privilege of Browne, and the only parties appealing are the other two defendants, Izaguirre and Rutledge. Appellee, however, has assigned cross-errors complaining of the ruling of the court in sustaining Browne's plea of privilege. The first question for us to determine is the effect of the ruling of the court, in sustaining Browne's plea and overruling the others, whether a part shall remain for trial and final disposition in Hidalgo county, and the case as to Browne be tried alone in Bexar county.

The suit is predicated upon a joint promissory note of Izaguirre & Cobb, alleged to be a partnership obligation of all the defendants embracing antecedent partnership liabilities, and also based upon a tort or conversion of certain mortgaged cattle committed in Hidalgo county.

There is nothing on the face of the note connecting Rutledge and Browne with it as partners. It is a plain, simple, ordinary promissory note, not recited as a renewal of any alleged former partnership note or transaction, or that the alleged partnership indebtedness and obligations of all the parties have been merged in this note, or that any prior rights as such were continued in force by its terms. Likewise in the mortgage for $45,000 there is nothing recited in it to continue in force any prior securities, partnership obligations, or any recited connection between the note sued on and the mortgage itself. The proof of such equities, if any, relied on must be outside of such instruments. The note is a demand note for $37,950, payable to First State Bank of Mission, and the mortgage recites it is to secure all indebtedness to C. L. Fortson, evidenced by note of Dent N. Cobb, dated June 22, 1918, maturing July 2, 1918, and recites: "Four notes of respective amounts $10,000.00, $15,000.00, $10,000.00, $10,000.00." This mortgage bears date 22d of June, 1918, was never registered, and no proof that Browne or Rutledge had any knowledge thereof.

There was also introduced in evidence a chattel mortgage on cattle dated 16th of May, 1918, signed by Izaguirre alone for himself and Dent Cobb, and not registered or shown that Browne or Rutledge knew of its existence.

The question presented for us to determine is whether or not the court erred in not transferring the whole case to Bexar county, having transferred a part, for generally it seems to be the settled law, except in cases where there are severable controversies between different parties, where there are several defendants residing in several different counties, a transfer to one county carries the entire case to that county for trial. Article 1832, R. S., provides cause shall not be dismissed when plea is sustained, but shall transfer to the court having jurisdiction, and article 1833 requires clerk to make up a transcript of all the orders made, to be certified to and transmitted to the clerk to which the venue is changed.

[1] The court has no power to dismiss parties upon pleas of privilege; if properly in suit, they must remain (Galveston Dry Goods Co. v. Mitchell et al., 171 S. W. 278; Garrison

v. Stokes, 151 S. W. 898; Ragland v. Guarantee Life Ins. Co., 157 S. W. 1187), and the transfer takes the whole case (Luter v. Ihnken et al., 143 S. W. 675; Hickman v. Swain, 106 Tex. 431, 167 S. W. 210; Camp v. Gourley, 201 S. W. 671; Ray v. W. W. Kimball, 207 S. W. 351). In Moorhouse v. King County Land & Cattle Co., 139 S. W. 884, the court said:

"In the natural order of disposition, the pleas of privilege were the first required to be acted upon by the court; and it was essential to a proper disposition of them that the court should determine whether, regardless of pleas of misjoinder of actions or of persons, plaintiff's alleged cause of action was the same against the parties pleading privilege as against their codefendant, or were so blended as to make them one, inseparable and inseverable. Its action sustaining such pleas carries with it the implication that the court found that the cause of action alleged against Nash, Spikes, and Pickard was essentially different and separable from that charged against their codefendant. In view of this, it became the duty of the court to order the venue of the case, as against said defendants, changed to the district court of Kaufman county, Tex."

The evidence shows that Izaguirre and Cobb, neither one living in Hidalgo county, were partners, engaged in the sheep and cattle business in Starr and other counties, but, so far as Izaguirre was concerned or had any knowledge, the firm had no partnership dealings with the First State Bank of Mission, and never borrowed any money from it to carry on the business, and the entire amount seems to have been checked out by Dent Cobb individually; for the money used by Izaguirre & Cobb was obtained from other banks and other sources. There was evidence that Cobb was induced by the bank to sign this note over his protest and representations that the partnership had been dissolved, and he had no authority to sign such a note. N. H. Browne was a partner of Izaguirre, Cobb & Co. He was the "Co." It was separate from Izaguirre & Cobb, and no money was ever borrowed from the said bank by that firm to carry on that business, and the money used was arranged by Browne through the State National Bank of San Antonio, or Cassidy at Ft. Worth personally, and Browne had no partnership dealings with the Mission bank.

Will J. Rutledge was a general partner of N. H. Browne in cattle business, not known as such under either firm name. N. H. Browne, for sake of the argument it may be admitted, purchased mortgaged cattle from Cobb. They were not purchased or converted in Hidalgo county, simply passed through, in possession and under control of Rutledge.

The alleged note was dated several months anterior to its actual execution and amount of consideration filed in thereafter by the officer of the bank under authority of Cobb. It was not given, taken, or received as a partnership obligation to bind either Rutledge or Browne, only Izaguirre & Cobb, and the money advanced to Cobb was not understood to represent any partnership obligation of Browne or Rutledge, and under the proof here offered they could not be held liable on that note as an obligation of theirs binding them to perform in Hidalgo county. The right to hold them responsible, if at all, would be independent and entirely separate and severable from that obligation. It is not their promise or obligation to pay in Hidalgo county, and there is nothing in the evidence to show it was their debt. If the proof should show it to be a partnership liability, that would not have justified a suit on an obligation such as this to fix the venue against them in the absence of their authority to do so. No such power or authority is implied. When this note was executed, the partnership had been dissolved between all the partners, and the bank knew it. The partnership of Izaguirre & Cobb was different from the partnership of Izaguirre, Cobb & Co.

[2-4] We know of no rule of law under the circumstances that can hold Browne and Rutledge in Hidalgo county on such an obligation. If they can be held to answer the demand of appellee at all, it would be only as partners, and not as joint obligors on that note, and would be independent of any obligation not expressed in the note, but would grow out of the relation of the parties independent of it. However, the situation is a little different with Izaguirre. His name is signed as a maker of that note, and it is payable in Hidalgo county. He denies the partnership debt, but not that there was a full partnership at one time, and he denies the authority of Cobb to bind him by the note. Those issues as to the validity and authority to bind him by the note can be tried between him and plaintiff alone in Hidalgo county; for they are quite different from those issues raised by Browne and Rutledge and which may be tried separately in Bexar. The jury had found against Izaguirre on his plea of privilege, and there was an issue of fact to be determined on the plea, which they have settled against him. They also found against W. J. Rutledge on his, but we do not think there were sufficient facts to justify such finding. Dent Cobb was not living in Hidalgo county when suit was brought against him. Since then he has not been found and served. No defendant resided in Hidalgo county when suit was filed, and no defendant under the facts can be sued there against his will except the two whose names are signed to the note. It seems to be the rule that, where parties living in different counties are joined in the same case as defendants, who plead their privilege to be sued in their domicile, and the controversies are severable and can be separately tried, the

court may so arrange the parties and issues as to protect that invaluable right for each party to be sued in his own county, by making the proper disposition of them. In this case the appellee has the right to try out with Izaguirre his liability on that note and the authority of Cobb to bind him to perform in Hidalgo county without the presence of Browne and Rutledge, neither of whom it is pretended Cobb undertook to bind thereby or that the bank understood were being bound.

"The privilege to be sued in the county of the domicile is a valuable one and litigants cannot be deprived thereof by the joinder of causes of action which are separate and distinct." Galveston Dry Goods Co. v. Mitchell et al., 171 S. W. 279.

[5] The appellate court has the power in a proper case to give all relief necessary, even though it requires a change in the judgment, from which all the parties did not appeal. Mosler Safe Co. v. Atascosa County, 184 S. W. 325; Thompson v. Kelley, 100 Tex. 539, 101 S. W. 1074; Tynberg v. Cohen, 76 Tex. 418, 13 S. W. 315.

It has the power, if the facts justify, to transfer part of this case to Bexar county for trial and return part to Hidalgo county for trial to preserve the valuable rights of litigants and direct necessary repleaders to be filed in the Hidalgo district court to be retained there, after the clerk makes the transfer of papers concerning other defendants to Bexar county affecting them. We have a case here in which there was the right of appellee to have the case tried as we see it as to Izaguirre in Hidalgo county, because of the obligation in writing to perform there as to him and Cobb as determined by the trial court, and as to Rutledge and Browne the right to try in the domicile of Browne as determined by the trial court as to Browne, from which there was no appeal. No power in the court to dismiss was shown by the authorities cited, but the court has the power to dispose of the parties and issues without dismissing and at the same time accord to all the parties their legal rights.

[6] To reiterate, the note was secured under very peculiar circumstances, to bind Izaguirre, by Dent Cobb signing names of Izaguirre & Cobb alone thereto, but he never attempted in any way to make it bind either of the other parties. He did not make any claim to have the right to bind any other person than himself, not even Izaguirre, and the latter knew nothing of it, and did not authorize it, and repudiated it so soon as he learned of it. It did not, otherwise than shown by the names signed thereto, pretend to be a partnership obligation or pretend to bind Rutledge or Browne as such. It was for an antecedent indebtedness created by Cobb alone and charged on the books to him, and was not to secure money to carry on thereafter the socalled partnership, but to help the bank, presently threatened by the state department of insurance and banking to be closed, and from total failure caused by this loan made to Cobb and to arrange this large indebtedness to save the bank. It is not shown anywhere authority in him to execute such a note to bind the other parties to perform in Hidalgo county or anywhere else. Nor is it shown there was any sufficient tort or conversion of any mortgaged property belonging to Cobb individually or to the alleged firm, or to any member, in Hidalgo county, such as to give jurisdiction there over Browne or Rutledge, and the action of the court in giving the instruction changing venue so far as Browne is concerned was supported by the testimony on the plea, and the other defendant, W. J. Rutledge, agreeing thereto, it was error not to transfer the whole case to Bexar as to these two, since there was no evidence to justify the finding of the jury in regard to Rutledge or Browne. Camp v. Gourley, 201 S. W. 671; Ray v. W. W. Kimball, 207 S. W. 353.

[7] We do not regard that appellee has placed himself in a position to have his cross-assignments complaining of the judgment considered as to Browne, for Browne did not appeal. It is not a case in which the judgment might be corrected by the court. It is one of venue in which parties demand their statutory rights to be sued where they live. The ruling on Browne's plea is not before this court for review. Anderson v. Silliman, 92 Tex. 550–567, 50 S. W. 576; Blackwell v. Farmers' Bank, 97 Tex. 445, 79 S. W. 518; Western National Bank v. White, 62 Tex. Civ. App. 374, 131 S. W. 828. However, we see no error in the action of the court at which appellee can justly complain in the ruling or in directing the verdict and overruling appellee's contention.

[8] The trial court could control the trial whether to take up pleas in due order of pleading, or take up and dispose of them as case is disposed of on its merits, without unnecessary delay, and we cannot see that any harm was done by disposing of the pleas first. In fact, the law contemplates this very procedure. The court acted well within its power and discretion, and its conduct of the case in that respect will not be reviewed, as no abuse of its discretion or any injury resulting therefrom is shown. We think the court erred in not sustaining the plea of privilege of the appellant W. J. Rutledge.

Since this case will have to be tried on its merits, we refrain from further discussing the facts.

There being no appeal from the judgment transferring cause on plea of privilege of N. H. Browne, it will not be disturbed.

The judgment of the court in overruling the plea of privilege of Eduardo Izaguirre will be affirmed.

The judgment of the court in refusing to sustain the plea of privilege of W. J. Rutledge

is here reversed, and rendered in his favor, and the clerk of the district court of Hidalgo county is directed to transfer the same to the Fifty-Seventh district court of Bexar county for trial with the transfer thereof as to N. H. Browne.

[9] As article 1833 of the Revised Statutes directs in cases of transfer that the original papers shall be sent to the clerk of the court to which venue has been changed, it is ordered that the clerk of the district court retain such original pleadings and papers filed pertaining to or filed by Eduardo Izaguirre alone not affecting the other defendants. Plaintiff, having brought about this condition by joining separable causes of action, will have to file new pleadings as to Izaguirre, or take such other steps as will enable him to prosecute his suit as to said party.

The judgment is affirmed in part, and reversed and rendered in part.