## FIRST NAT. BANK OF JACKSONVILLE v. CHILDS. (No. 6344.)

(Court of Civil Appeals of Texas. Austin.
April 13, 1921. Rehearing Denied
June 8, 1921.) .

**1. Pleading ⬥⟶111—Controverting plea of privilege need not set out facts required by statute where they are alleged in the petition.**

A plea controverting a plea of privilege to be sued in another county was not insufficient because not specifically alleging facts relied on to confer venue, as required by statute, where it pleaded that the suit was founded upon an offense and trespass committed by defendants in the county as set out in the petition to which reference was made, since the averments of the petition were thereby made a part of the controverting plea and the petition stated facts satisfying the statute.

**2. Dismissal and nonsuit ⬥⟶5—Plaintiff may dismiss as to defendant whose plea for change is about to be allowed.**

Our statutes provide that plaintiff may take a nonsuit at any time before the decision is announced, and also may discontinue as to any one or more defendants where no cross-action or affirmative relief is sought, and when the discontinuance would not operate to the prejudice of other defendants, so that, where the court had indicated that he would allow the plea of special privilege of one defendant, but not of another, plaintiff could, before the decision, dismiss as to the one whose plea was to be allowed.

**3. Pleading ⬥⟶111 — Not proper to express opinion on matters going to the merits in hearing upon change of venue.**

Upon hearing of a plea of special privilege, it is not proper to express any opinion upon matters which are for determination upon the trial of the case upon its merits.

**4. Pleading ⬥⟶111—On plea of privilege, it is sufficient for plaintiff to plead a cause of action, and prove that it arose in whole or in part in county where suit was brought.**

Upon pleas of privilege, it devolves upon plaintiff only to plead a cause of action arising in whole or in part in the county of suit, or an offense or trespass committed therein, and that the acts relied on, or a part of them, occurred there, and it is not necessary to prove all the elements finally fixing liability upon the defendant, but it is sufficient for plaintiff to plead a cause of action, and prove that it arose in whole or in part in such county, or that the alleged trespass was committed there.

**5. Venue ⬥⟶8 — Injury alleged held a "trespass" within statute.**

Petition for recovery for offense or "trespass" consisting of threats of criminal prosecution and abuse, or other overt acts, *held* to constitute an action in trespass within the exception to the venue statute, since the petition alleged no mere negligence, but wanton and deliberate acts resulting in the impairment of plaintiff's health, and in physical injuries, force not being a necessary element in a trespass case.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespass.]

**6. Corporations ⬥⟶503(3)—Defendant corporation not entitled to change where acts complained of were performed in county of suit.**

The exception in matters of special privilege authorizing a suit against a corporation, to be instituted where the cause of action, or a part thereof, arose, did not require granting a change of venue where, under the evidence on the plea, the acts chiefly resulting in the injuries alleged by the plaintiff were performed, if at all, in the county where suit was brought.

On Rehearing.

**7. Pleading ⬥⟶111—Prima facie right to change of venue under plea of privilege overcome by evidence.**

In an action against a bank and its attorney, evidence tending to show that the attorney acted with the bank's authority in doing alleged wrongful acts constituting trespass, and tending to show ratification or acquiescence, *held* sufficient to overcome the prima facie right to change arising from the sworn plea of privilege, for such facts need not be proven with the certainty and completeness required to entitle plaintiff to judgment on the merits.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Suit by W. T. Childs against the First National Bank of Jacksonville, Tex., and Lee G. Carter. A plea of privilege to be sued in another county was overruled as to the defendant Bank, and sustained as to the defendant Carter, as to whom the cause was dismissed, and the Bank appeals. Affirmed.

Lee G. Carter, of Jacksonville, and Sleeper, Boynton & Kendall, of Waco, for appellant.
Johnston & Hughes, of Waco, for appellee.

BRADY, J. This suit was instituted by appellee against the appellant bank and Lee G. Carter, in the district court of McLennan county. Both defendants filed pleas of privilege, and asked that the cause be transferred to Cherokee county, the domicile of the corporation, and the residence of the individual defendant. Controverting pleas were filed by the plaintiff, and, upon a hearing, the court sustained the plea of privilege of Carter and overruled the plea of the bank. However, upon the announcement by the judge that it was his intention to sustain the plea of privilege of Carter, the plaintiff moved the court, orally, to dismiss his suit as to said defendant, and the court later sustained his written motion to that effect. The bank has appealed from the order entered on this hearing.

[1] The first question that will be discussed is the claim that the controverting

plea was insufficient, because it did not specifically allege the facts relied on to confer venue upon the courts of McLennan county, as required by the statute. In the verified controverting plea, the plaintiff pleaded that the suit was founded upon an offense and trespass committed by the defendants, consisting of threats of criminal prosecution, and the abuse and other overt acts more fully set out in the petition, to which reference was made. A similar allegation was made under the claim that the defendant bank was a private corporation, and that the cause of action, or a part thereof, arose in McLennan county. The effect of this was to make the averments of the petition part of the controverting plea, and, we think, was a substantial compliance with the statute. Indeed, there is much to commend the practice where the facts are so fully pleaded in the petition. We have no doubt that, if the plaintiff had attached a copy of the petition to his controverting plea as an exhibit, and had sworn that the facts therein alleged were true, it would have met the purposes of the statute. We see no difference where the facts alleged in the petition are expressly made a part of the controverting plea. Morgan v. Johnson, 15 Tex. 569; Gray v. Steedman Bros., 63 Tex. 95; Huffman v. Hardeman (Sup.) 1 S. W. 575.

[2] The next point to be discussed is the contention that the trial court should not have permitted plaintiff to dismiss as to the defendant Carter, it being claimed that the court was without jurisdiction so to do. Our statutes provide that a plaintiff may take a nonsuit at any time before the decision of the court is announced; and also that a plaintiff may discontinue his suit against any one or more defendants, where no cross-action or affirmative relief is sought by said defendants and when the discontinuance would not operate to the prejudice of the other defendants. It is true that our venue statute, as amended, provides that when a plea of privilege is sustained the cause shall not be dismissed, but shall be transferred to the proper court. It is not believed, however, that it was the intention of the Legislature to prevent the full operation of the statutes as to nonsuit and discontinuance. Under the former practice, when a plea of privilege was sustained the case was dismissed. The history of the amendment convinces us that its purpose was to prevent a dismissal by the court, and not a voluntary dismissal by the plaintiff, when he does not choose to follow up his suit against a defendant whose plea of privilege has been sustained. There could be no valid reason assigned for denying plaintiff the right to discontinue his suit when the venue has been transferred. Ordinarily a defendant could not complain at such action. In this case it is clear that no injury was done either defendant. Nor do we see that

the court was lacking in jurisdiction to enter the order of dismissal. District courts are courts of general jurisdiction, and the court had the power, if it desired to do so, to set aside the order sustaining the plea of privilege of the one defendant and to permit a nonsuit or discontinuance as to him. This was substantially what was done, if not in form.

We are not required in this case, however, to rest the decision on this point upon the view above expressed. The record shows that, when the court announced his intention to sustain the plea of privilege of Carter, but before he had entered any order to that effect, or announced his final decision thereon, the plaintiff asked leave to dismiss his suit as to that defendant. The court announced that plaintiff would be granted time to file a written motion, and both parties would be given time to present authorities. The written motion was thereafter filed, and the following day the court sustained the motion to dismiss. We think it is immaterial that the entry of the order sustaining the plea of privilege of Carter preceded the entry of the order allowing the dismissal. Plaintiff had previously, in open court, and before the decision of the court was actually announced, sought a discontinuance as to such defendant. His right to discontinue the suit could not be prejudiced or affected by a subsequent decision and order sustaining the plea of privilege. Weil v. Abeel, 206 S. W. 735, and authorities there cited; Luter v. Ihnken, 143 S. W. 675; Bates v. Hill, 144 S. W. 288; Rutledge v. Evans, 219 S. W. 218. In the last-cited case, the court held that, where actions were severable, the court may sustain the plea of privilege as to one of the defendants, and transfer the cause as to him, but hold it for trial as to the other defendant.

[3] Appellant has raised several interesting questions as to the failure of the proof to show that Mr. Carter, as attorney for the bank, had authority to do the alleged wrongful acts in behalf of the bank; and also the inadequacy of the evidence to show that the bank had ratified or acquiesced in his actions. It is not thought proper to express any opinion upon these matters, as they are questions for determination upon the trial of the case on its merits.

[4] Upon the hearing of the pleas of privilege, it devolved upon the plaintiff only to plead a cause of action arising in whole or in part in McLennan county, or an offense or trespass committed in that county, and to prove that the acts relied upon, or a part of them, occurred there. In such a proceeding it is not necessary to prove all the elements finally fixing liability upon the defendants. It was sufficient for the plaintiff to plead a cause of action, and to prove that it arose in whole or in part in the county where the suit was brought, or that the

alleged trespass was committed there. At most, it was only necessary to show a probable recovery. We think the showing was sufficient to justify the conclusion and judgment of the trial court.

[5] It is claimed by appellant that no offense or trespass was alleged by plaintiff within the meaning of the venue statute; and also that no cause of action in whole or in part arising in McLennan county was alleged. As to the first of these contentions, we are strongly inclined to the view that this is a case of trespass under the doctrine announced by the Supreme Court in Hill v. Kimball, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618. It is true that the court, in the later case of Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645, qualified the former case in respect to certain expressions therein. Nevertheless, Mr. Justice Gaines, speaking for the court in the Ricker Case, stated that:

"The words 'when the crime, offense, or trespass was committed' indicate that the word trespass was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty."

The holding was that a mere negligent omission would not constitute a trespass. Here the petition alleges no mere negligence, but acts claimed to have been committed wantonly and deliberately, resulting in the impairment of plaintiff's health and in physical injuries. It is not believed that the authorities in this state justify appellant's contention that force is a necessary element in a trespass case. We prefer, however, not to rest the decision alone upon this exception to the general venue statute.

[6] Plaintiff also invoked the exception which authorizes a suit against a private corporation to be instituted where the cause of action, or a part thereof, arose. Under the evidence, the acts chiefly resulting in the injuries alleged by plaintiff were performed, if at all, in McLennan county. Therefore, under the pleadings and the evidence, the trial court, for this reason also, was warranted in holding that the venue was properly laid in McLennan county.

We have carefully considered all the assignments in the brief, and conclude that no reversible error has been shown. The judgment will be affirmed.

Affirmed.

### On Rehearing.

Counsel for appellant has filed an able argument on motion for rehearing, and it is thought proper, if not necessary, to briefly discuss some of the points of attack upon our original opinion.

It is insisted we were in error in holding that, under the present statutes, a plaintiff is not deprived of his right to take a voluntary nonsuit, or to discontinue his suit against one or more defendants, when a plea of privilege has been sustained. Several authorities have been cited in support of this proposition, but we do not find that they sustain it. We referred to the case of Rutledge v. Evans, 219 S. W. 218, a decision by the Court of Civil Appeals for the Fourth District, in which it was held that, where actions are severable, the court may sustain a plea of privilege as to one of the defendants and transfer the cause as to him, but hold it for trial as to the others. It appears that the Supreme Court has granted a writ of error in that case, and has indicated its opinion that this practice is not permissible, but that the entire cause should be transferred as to all the parties. This would appear to be in line with previous holdings of the Supreme Court, especially Hickman v. Swain, 106 Tex. 431, 167 S. W. 209, but in no case which we have examined does it appear that there was a dismissal by the plaintiff as to one or more of the parties.

We are not convinced that our original opinion upon this question is incorrect, and we are still strongly inclined to the view that our venue statute, as amended, does not prevent a plaintiff from taking a voluntary nonsuit or discontinuance, notwithstanding a plea of privilege may have been sustained. A contrary view would seem to be an unreasonable construction of the statute. If a plaintiff should desire to discontinue his suit and entirely abandon the litigation, upon the sustaining of a plea of privilege, we do not see how a defendant could complain of the exercise of such right, where he has no cross-action, and does not seek affirmative relief. It would seem to be folly to require a transfer of the cause to another court, with the increased costs necessarily resulting, in order to permit the plaintiff to take his nonsuit in another jurisdiction. We are unwilling to impute such an intention to the Legislature, in the absence of language more clearly indicating a purpose to restrict the legal right of the plaintiff, conferred by other statutes, to enter a voluntary dismissal. That our interpretation is the correct one is strongly intimated in the case of Garrison v. Stokes, 151 S. W. 898. There it was indicated that the plaintiff, upon the sustaining of the plea of privilege of one defendant, might have dismissed as to such defendant.

As pointed out in our opinion, however, the correctness of the trial court's ruling does not alone depend on the right of a plaintiff to take a nonsuit after a plea of privilege has been sustained. As we view the record, the plaintiff in this case made his motion orally, and in open court, before the court had made any judicial pronouncement upon the plea of privilege of either defendant, and he was granted leave to file his motion in writing. It is true that on the same day, and before the written motion to dismiss was filed, the court made a docket entry sustain-

ing the plea of privilege of the defendant Carter, and noted the plaintiff's exception thereto. On the following day, however, the written motion to dismiss was filed, and was sustained. We still adhere to the view that, the plaintiff having sought a discontinuance as to Mr. Carter before the decision of the court was announced as to the latter's plea of privilege, his right to a nonsuit and discontinuance as to such defendant was not prejudiced or affected by the subsequent decision and order sustaining the plea of privilege. Furthermore, the bill of exceptions fairly discloses that the trial court refused to approve the order prepared by the defendants for transfer of the cause, and entered an order instructing the clerk not to make entry of the same on the minutes; and, taking the bill as a whole, it substantially appears that the court set aside the order sustaining the plea of privilege before granting the motion to dismiss. It does not appear that there was a formal setting aside of the order sustaining the plea of privilege, but this was what was substantially done, and we do not think that the court was without jurisdiction so to do. An appeal from such order had not been perfected, and, indeed, has never been taken.

For all the reasons indicated, we reiterate the conclusion that there was no error in permitting the plaintiff to take a nonsuit as to the defendant Carter, and in retaining venue over the cause as to the remaining defendant, the bank.

Our opinion is also vigorously challenged because of the claim that it was not proven that Mr. Carter had authority to act for the bank in doing the acts claimed to constitute a cause of action for damages. It is especially urged that we have virtually overruled our decision in the case of First National Bank v. Gates, 213 S. W. 720, which has been cited and approved by other Courts of Civil Appeals. A consideration of the facts and holdings in the cases referred to has convinced us that there is no conflict between these decisions and our holding in this case. In the Gates Case, there were several grounds urged for maintaining the venue in Coleman county as against the Brownwood National Bank. We expressly held, and adhere now to the view, that it was not enough to plead facts sustaining the venue in the county where the suit was brought, but that such facts must be proved. However, our holding there was that the facts proven did not show that the Brownwood National Bank was connected with the alleged fraud, nor the alleged conversion, nor the other matters which it was claimed conferred venue on the courts of Coleman county. Furthermore, there were findings by the jury as to these matters which were adverse to the plaintiff, and which we held were supported by the evidence. In the other cases cited by appellant here, there was no proof whatever of the authority of the alleged agent to execute the contracts sued on, and this was an indispensable element in fixing the venue.

[7] In the instant case, while we do not think it proper to express an opinion as to the sufficiency of the proof to finally fix liability upon the bank, there was some proof tending to show that Mr. Carter, as attorney for the bank, acted with authority in doing the alleged wrongful acts in behalf of the bank and tending to show ratification or acquiesence in his actions by the bank. The evidence on this point, while circumstantial, was, in our opinion, sufficient to raise the issue, and, for the purposes of venue, was sufficient to overcome the prima facie right to a change of venue arising from the filing of the sworn plea of privilege. We cannot accede to the proposition that, upon the trial of such issues, it was necessary to prove the facts with such certainty and completeness as would entitle the plaintiff to a judgment on the merits. We reiterate the view that "in such a proceeding it is not necessary to prove all the elements finally fixing liability upon the defendant."

We have found nothing in the cases cited, originally, or on rehearing, which militates against this holding. We have given careful consideration to all of the matters urged in the motion, and have concluded that it should be overruled.

Motion overruled.