## PHILLIPS v. RICE et al. (No. 2494.)

(Court of Civil Appeals of Texas. Amarillo. May 13, 1925.)

Venue &#x2290;7—Suit for breach of contract for exchange of property could not be brought in county where plaintiff's property situated.

Suit for damages for breach of contract for exchange of property, though providing for inspection of plaintiff's property by defendant, and for his assumption of taxes, could not be brought in county where plaintiff's property was situated, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 5, relative to contracts in writing to be performed in particular county, in view of article 7623, nor under subdivision 14, relative to suits to recover lands, etc., nor on theory that suit is one for specific performance.

Appeal from District Court, Clay County; Paul Donald, Judge.

Suit by Mattie J. Rice and husband against R. M. Phillips. From an order overruling defendant's plea of privilege, he appeals. Reversed and remanded, with instructions.

Webb & Webb, of Sherman, and Wantland, Dickey & Glasgow, of Henrietta, for appellant.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellees.

HALL, C. J. Appellees, Rice and wife, sued the appellant, Phillips, in the district court of Clay county for $2,000 damages for the breach of a contract for exchange of lands. The appellees resided in Clay county, and the appellant resided in Grayson county. Appellees' land, described in the contract, was situated in Clay county, and appellant's land was situated in Grayson county.

The appellant in due time pleaded his privilege to be sued in Grayson county. By a controverting affidavit, appellees insist that they have the right to maintain the suit against appellant in Clay county—(1) because it is within the provision of subdivision 5 of article 1830, V. S. C. S.; and (2) because it is an action for specific enforcement of a contract for the sale of real estate, a part of which is situated in Clay county, and comes within exception numbered 14 of V. S. C. S. art. 1830. The trial court overruled appellant's plea of privilege, and the appeal is prosecuted from that order.

The appellant's original petition is based upon the contract for the exchange of properties, and sets out the terms of the proposed exchange. The appellees' property consisted, in part, of a hotel and the furniture therein, and the contract provides that appellant is to have possession of the hotel and the furniture therein, and to pay all interest due on a loan which he assumed as part of the con-

---

sideration, and the taxes for the year 1923; that he is to inspect the hotel and furniture, and, if it is found satisfactory, the deal is to be closed. The appellees set up this provision of the contract, and allege that appellant inspected the property, and signed the contract, and agreed to comply with its terms; that the appellees tendered their deed conveying the property, furnished a complete abstract of title and a tax statement, and in all things were ready to perform their part of the contract; that defendant refused to perform, and refused to convey to them his property, and thereby breached the contract; that the difference in the value of the property of the respective parties, after taking into consideration the debts assumed by each, is $2,000; that the contract was to be performed in Clay county.

The prayer is for citation, and that upon a hearing the appellees have judgment for the amount of their damages, costs of suit, and such further relief, general and special, as they may be entitled to in law and in equity.

The first proposition urged is that appellees were not entitled to maintain the suit in Clay county, because the contract sued on nowhere provides for its performance in that county as to appellant's land which was situated in Grayson county. We think this proposition is sound. Neither does the contract, in terms or by necessary implication, require appellant to perform any part of it in Clay county. He is granted the privilege by the contract of inspecting the hotel situated in Clay county prior to consummating the deal, but he is not required to do so; and, since the stipulation was for his benefit, it could be waived. As a part of the consideration for his Grayson county land, he assumes to pay the taxes due on the hotel when situated in Clay county, but he was not required to do this prior to consummating the trade, and, since he was not a resident of Clay county, he was not required to pay the taxes in that county, but under article 7623 could, at his option, pay the taxes direct to the comptroller at Austin. The decisions of several Courts of Civil Appeals are not in harmony in construing subdivision 5 of article 1830, fixing venue in certain cases. The article itself provides:

"No person who is an inhabitant of this state, shall be sued out of the county in which he has his domicile, except in the following cases, to wit."

Subdivision 5, which is one of the exceptions to the general rule, provides:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

Numerous decisions by the Supreme Court and the several Courts of Civil Appeals were reviewed by Judge Stayton in George S. Allison & Sons v. Hamic (Tex. Com. App.) 260 S. W. 1037, and the conclusion there announced that, under subdivision 5, the plaintiff who seeks to maintain a suit in a county, other than that in which the defendant resides, must bring his case clearly within the statute, and the writing must plainly provide, either expressly or impliedly, that the obligation is to be performed in a county different from that in which the defendant resides, and further holds that parol proof was not admissible to supply provisions of a contract as to the place of performance. There is no express provision in the contract under consideration that any part thereof should be performed either in Clay county or Grayson county. The deeds necessary to vest title and consummate the exchange might have been executed in either county or elsewhere in the state, or even beyond the confines of the state. Upon the execution of the deeds, title would pass to the respective tracts of land, and the mere entry into possession plays no part in the performance of the obligations imposed by the contract. We think this contention is concluded by the clear discussion and exhaustive citation of authorities found in the case above referred to.

The appellees further contend that the right to maintain the suit in Clay county is given by subdivision 14 of said article 1830, which is as follows:

"Suits for the recovery of lands or damages thereto, suits to remove encumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Reference to the petition shows that this exception to the general venue statute cannot possibly be made to apply to the cause of action asserted by appellees. It is simply a suit for damages for breach of a contract to exchange lands. Appellees' contention that, it being a suit for specific performance, the venue is in Clay county, is refuted by the language and prayer of the petition. Even if it could be held that appellees were in any sense seeking specific performance, they would not be entitled to maintain the suit in Clay county. Garrison v. Stokes (Tex. Civ. App.) 151 S. W. 898; Lester v. Hutson (Tex. Civ. App.) 167 S. W. 325.

We think the trial judge erred in overruling the plea of privilege. The judgment is reversed, and the cause is remanded, with instructions that the plea be sustained and the proper order be made, transferring the case to the district court of Grayson county.

Reversed and remanded, with instructions.